## Gilbert *v.* The State.

On the trial of an indictment for assault with intent to murder, the specific intent to kill being a necessary ingredient of the offence, its existence or non-existence is matter of fact for determination by the jury from the evidence, and not the subject of any legal presumption from a part of the evidence only. It follows that a charge of the court in these terms was erroneous: "It is charged that he made the assault with a pistol which is a deadly weapon. The court charges you that if the defendant intentionally shot the prosecutor with a pistol, the law would presume malice, and if death had ensued the law would presume that it was murder, for the law presumes that a person intends to do that which is the legitimate consequence of his act; and if a person shoots another with a deadly weapon, then it presumes that he intended to kill him, and if he intended to kill him then the law presumes that it was done with the intent to murder him. Now it is for you to say, in the first place, whether or not this defendant shot the prosecutor, did he do so with a pistol? If he did, then does the testimony show that he was justified in what he

did? The burden of proof is upon the defendant whenever the State shows or whenever the evidence shows that he shot the prosecutor with a pistol." '
January 6, 1893.

Criminal law. Charge of court. Before Judge MARTIN. Chattahoochee superior court. September term, 1892.

Conviction of assault with intent to murder. The special ground for new trial was, that the court charged as set out in the head-note.

The brief for the State was prepared by the predecessor of Mr. Gilbert in the office of solicitor-general.

LEONIDAS McLESTER, by brief, for plaintiff in error.

S. P. GILBERT, solicitor-general, and A. A. CARSON, by brief, *contra.*

BLECKLEY, Chief Justice.

1. Without a specific intent to kill as charged in the indictment, the offence of assault with intent to murder cannot be committed. The existence of such intent is matter of fact to be ascertained by the jury from all the evidence before them, and not matter for legal inference or presumption from only a part of the evidence, or even from the whole of it. Legal presumptions arising out of the facts may be used to show that the assault was malicious, but an assault which does not result in death may be malicious just as well where the intent to kill is absent as where it is present. There may be malice without an intent to kill, just as there may be malice without an actual killing. That an intent is evil, and therefore malicious, so far as it goes, does not involve the consequence that it goes farther in law than it does in fact. The law will certainly charge an evil doer with all the natural consequences of his unlawful act which the act produces, but why should it impute to him, by mere presumption, an intention to add a consequence which was not produced? The jury, as matter

of reasoning from all the circumstances, may infer as a fact, that the consequences fell short of his intention, that the whole of his intention was not realized in the effect, that a part of it miscarried or was disappointed; but how can the judge, who is a mere organ of the law, know that such was the fact in the given case? The charge of the court in the present case treated the specific intent to kill as *prima facie* a conclusion of law, provided certain enumerated facts were found by the jury to exist; whereas the instruction should have been, in substance, that the enumerated facts (taking care to enumerate enough) if found to exist, and if not rebutted or qualified by other facts in evidence, would warrant them in finding the intent; that is, that these facts would be sufficient to manifest the intent if the jury, viewing them in the light of the whole evidence, were convinced beyond a reasonable doubt that an intent to kill existed in fact. The subject has been well and ably discussed by Judge Blandford in *Patterson* v. *The State*, 85 *Ga.* 131. To the authorities which he cites may now be added, 1 Bishop Cr. Law, §729 and several following sections; 2 *Ib.* §741; Chrisman v. The State, 54 Ark. 283, 6 Lawson Cr. Def. 626; The State v. Hickman, 95 Mo. 322, 6 Am. State Rep. 54. One sentence in Judge Blandford's opinion may seem, on a casual reading, to be out of harmony with the doctrine which the case decides. If so in reality, it is to be rejected as an inadvertent expression, for the doctrine of the decision and of the general reasoning in support of it, is unquestionably sound. I quote the sentence to which I refer. It begins at the bottom of page 133 and runs thus: "It would have been a proper charge for the court to have instructed the jury that if the accused assaulted the person wounded with a weapon likely to produce death, and if death had ensued it would have been murder, then the law would presume that the

assault was an assault with intent to murder." A charge in these terms would be much less objectionable than the one which the learned judge was reviewing, but not, as it seems to me now, sufficiently explicit, for while the words " if death had ensued it would have been murder," include intention to kill as a necessary ingredient of murder, a jury might not, without a more specific statement, so understand them.

Both briefs furnished us in the case at bar are sufficiently striking to deserve mention. That of Mr. McLester is intensely classical. It opens thus: " When the mother of Achilles plunged him in the Stygian waters his body became invulnerable, except the heel by which she held him, and afterwards when he and Polyxena, the daughter of the King of Troy, who were lovers, met in the Temple of Apollo to solemnize their marriage, Paris, the brother of Hector, lurking behind the image of Apollo, slew Achilles by shooting him in the heel with an arrow."

The brief of the solicitor-general is less poetic, but equally irrelevant. It cites seven cases from the *Georgia Reports*, not one of which has any bearing on the question, for in each of the cited cases the attempt to kill was successful. When a homicide actually occurs from the voluntary use of a deadly weapon, an intention to kill is very much more certain than it is when the man assaulted is not killed but only shot in the toe.

*Judgment reversed.*