## MOODY v. THE STATE.

1. The conversation immediately succeeding the battery was admissible as part of the res gestæ.
2. The greater includes the less. The force necessary to overcome a prisoner and make an arrest effectual is necessarily greater than that required in self-defense.
3. There was no error in charging that "an officer can not suffer himself to be overcome by any opprobrious words or abusive language while he is acting as a minister of the law, armed with legal power and exerting it over a prisoner; he can not chastise his prisoner for insolence; he can not yield to his passions and take the administration of punishment into his own hands, but can only use such force as is necessary to make the arrest effectual."
4. It was not error to charge, "If you find from the evidence that the prosecutor resisted or assaulted the arresting officer, look to the evidence and see whether or not the force used by the officer was in proportion to the resistance used. If so, you should acquit the defendant. But if you should find from the evidence that the assault was greater than was necessary to be used in making the arrest and holding the prisoner, it would be your duty to return a verdict of guilty against the defendant."
5. There was no error in charging that "when an officer has a prisoner in his custody, he is authorized to use all the force necessary to make the arrest effectual; and if the prisoner resisted, the defendant would be justified in using such force as was necessary to compel submission."
6. The evidence was conflicting, but sufficient to sustain a verdict of guilty. There was no charge or ruling requiring the grant of a new trial.

Submitted July 19, — Decided August 10, 1904.

Accusation of assault and battery. Before Judge McRae. City court of McRae. June 24, 1904.

Moody was charged with having committed an assault and battery upon Davis. From the evidence it appeared that Moody, as marshal of McRae, arrested Davis, catching him from behind and pinioning his arms to his side. Davis testified that, while he made no resistance, he did not voluntarily go to the guard-house, but forced Moody to carry him. Moody contended that Davis had a cane in his pinioned hands and was endeavoring to strike him with it. Davis testified that when they reached the guard-house, Moody shoved him in, jerked the stick out of his hands, struck him over the head twice, and subsequently beat him violently in the face. Moody contended that Davis pulled him to the floor and refused to turn him loose, and that he struck Davis in the face simply to get away. Moody, after a verdict of guilty, moved for a new trial, because, over objection, the court allowed Davis's

son to testify that he (the witness) told Moody, as he was coming out of the guard-house, that he wanted to get a doctor for his father ; whereupon Moody said "he was doctor enough for him." It is also assigned as error that the court refused to charge, "If you believe that Davis resisted, the defendant would be justified in using such force as was necessary to compel submission and to defend himself." Complaint is also made of the following charge to the jury : "I charge you that when an officer has a prisoner in his custody, he is authorized to use all the force necessary to make the arrest effectual; and if the prisoner resisted, the defendant would be justified in using such force as was necessary to compel submission; but I charge you that an officer can not suffer himself to be overcome by any opprobrious words or abusive language while he is acting as a minister of the law, armed with legal power and exerting it over a prisoner; he can not chastise his prisoner for insolence; he can not yield to his passions and take the administration of punishment into his own hands, but can only use such force as is necessary to make the arrest effectual. If you find from the evidence that the prosecutor resisted or assaulted the arresting officer, look to the evidence and see whether or not the force used by the officer was in proportion to the resistance used. If so, you should acquit the defendant. But if you should find from the evidence that the assault was greater than was necessary to be used in making the arrest and holding the prisoner, it would be your duty to return a verdict of guilty against the defendant." The court refused to grant a new trial, and the defendant excepted.

*D. C. McLennan*, for plaintiff in error.

*B. M. Frizzell*, solicitor, and *Eschol Graham*, contra.

LAMAR, J. (After stating the foregoing facts.) 1. The conversation immediately succeeding the battery illustrated the question of motive, and was a part of the res gestæ, and therefore admissible.

2–6. There was undoubted evidence of resistance on the part of Davis to the arrest by Moody. But if there was any testimony to warrant a charge on the subject of self-defense, it was included in the very proper instruction given to the jury, and of which complaint is made in the motion for a new trial. The rights and duty of the officer were there correctly stated. The

greater includes the less. If he has the right to overcome resistance in order to make the arrest, he necessarily would have the right to exercise the smaller degree of force which was required only to defend himself. There was little conflict in the evidence. The battery was admitted. The question involved was whether the officer only used such force as was necessary to make the arrest effectual, or whether he was guilty of an assault greater than was necessary to be used in making the arrest and holding the prisoner. The evidence being sufficient to sustain the verdict, the judgment refusing a new trial is

*Affirmed. All the Justices concur.*