## JACKSON *v.* THE STATE.

FISH, C. J. 1. On the trial of one charged with assault with intent to murder, after the court had fully and correctly charged the jury as to the law of that offense, including an instruction that a specific intent to kill is a necessary ingredient thereof and that the existence of this intent is not to be presumed, but the jury are to determine from the evidence whether it has been proved, the accused was not hurt by the following charge: "I instruct you further, that under the rules I have already given you, and shall hereafter give you, that if you believe in this case that the defendant . . was guilty of making an assault with intent to murder, with a weapon likely to produce death, upon the person of [the child alleged to have been assaulted], and you believe that if

she had killed him it would have been murder under the circumstances, if you believe beyond a reasonable doubt that it would have been murder if she had killed [the child], the person she is charged with making an assault upon, then you would be authorized to find the defendant guilty of an assault with intent to murder."

2. After giving, at the request of counsel for the accused, the following charge: "A prisoner under the age of ten is incapable of committing any criminal offense: a person under the ages of ten and fourteen years can not be lawfully convicted of a crime or misdemeanor unless it appears from the evidence that she was capax doli, and the burden of proof that she was so rested upon the State," it was not error to instruct the jury, in connection therewith, that in order for an infant to be held incapable of committing crime, it must appear that the infant is under ten years of age; and when the party is shown to be between the ages of ten and fourteen years, the burden is on the State to show that such party knows the distinction between good and evil.

3. While the definition of "preponderance of evidence," and the rules by which it may be determined where it lies, were not aptly adjusted to the trial of a criminal case, the accused was not injured, when the only evidence introduced was in behalf of the State, and the court instructed the jury that the evidence must show the guilt of the accused beyond a reasonable doubt before a conviction would be authorized.

4. There was evidence to warrant the verdict, and the judge did not abuse his discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted February 19,—Decided March 24, 1906.

Indictment for assault with intent to murder. Before Judge Martin. Dodge superior court. December 29, 1905.

*John R. Cooper,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.