## 171. DUNCAN *v.* THE STATE.

1. Where a defendant is on trial for assault with intent to murder, the intention to kill must be proved, and is a question of fact, the determination of which is the exclusive province of the jury. To charge the jury in such a case that if they believed defendant committed an assault as charged in the bill of indictment, and that the offense would have been murder if death had resulted as a consequence, then the jury would be authorized to find the defendant guilty of the offense of assault with intent to murder, is reversible error.

2. Nor is the error cured by a limitation upon that portion of the charge,

by reference to the indictment, in these words: "committed an assault upon A. T. Daniel, as charged in the bill of indictment."

3. The charge requested, "If you believe that if the defendant had killed Daniel under the circumstances proven in this case he would not have been guilty of the offense of murder, then I charge you that you can not convict the defendant of the offense of assault with intent to murder," was a correct statement of a principle of law applicable in this case, the benefit of which the defendant was entitled to receive. It was, however, not reversible error to refuse to give it in charge to the jury, in view of the charge given upon this subject.

Indictment for assault with intent to murder, from Wilcox superior court—Judge Martin. November 15, 1906.

Argued January 28,—Decided January 31, 1907.

*John R. Cooper,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

RUSSELL, J. The defendant was indicted for the offense of assault with intent to murder; and on the trial was convicted. He assigns error on a portion of the charge of the trial judge, and on the refusal of the court to give in charge a written request presented by his counsel.

1. The charge of which complaint is made is in these words: "Now if you should believe beyond a reasonable doubt, from the law given you in charge, and the evidence introduced and admitted during the trial of the case, that the defendant, Bill Duncan, committed an assault upon A. T. Daniel, as charged in the bill of indictment, and that it would have been murder if death had resulted in consequence of such an assault, then you would be authorized to find the defendant guilty of the offense of assault with intent to murder. If you do not so believe, you would not be authorized to find him guilty of this offense." It is evident that this charge deprived the jury of their right to determine one of the essential elements of the crime with which the defendant stood charged, i. e. to determine it from the evidence. The intention to kill is an absolutely essential ingredient of the offense of assault with intent to murder, and must always be proved. It can not be presumed or deduced, as stated by the learned trial judge who presided in this case. Discussion of this proposition is useless, because it has been so frequently decided as to require no elaboration. *Gilbert* v. *State,* 90 *Ga.* 691; *Gallery* v. *State,* 92 *Ga.* 463; *Lanier* v. *State,* 106 *Ga.* 368. See also *Patterson* v. *State,* 85 *Ga.* 133.

"The law will impute the intention to kill where there is a killing, but not where there is none. . . That an effect not produced, and which if produced would have constituted a different offense from that actually committed, was intended, is surely for determination by the jury as a matter of fact." It will be noticed that there has been no restriction in the later cases of the doctrine thus announced by Justice Blandford in the *Patterson* case.

2. But it is insisted by counsel for defendant in error that the indictment charges all the essential elements of the crime of assault with intent to murder, and that, therefore, it was not erroneous for the court to charge that if the jury found that defendant "committed the assault on Daniel, as charged in the bill of indictment, etc.," they would be authorized to find him guilty of assault with intent to murder; and we are referred to *Jackson* v. *State,* 125 *Ga.* 101, as authority. No opinion was rendered in that case, but from reading the headnotes we see a broad distinction between the charge dealt with there and the one now under consideration. The wording of the charge in the *Jackson* case is quite different from that in the present case, and the portion of the charge there complained of, directly and specifically, refers the jury to proper instructions which had been given and were to be given on the subject of intention; and with all this, the Supreme Court placed its decision solely on the ground that the error was not harmful, under the particular facts of that case. In the case at bar we are not prepared to say as much. The error in the charge in the *Jackson* case could well have been harmless, for the first statement of the judge quoted in the headnotes was (after referring to the rules above mentioned) : "If you believe . . that the defendant was guilty of making an *assault with intent to murder,*" etc.; not "*an assault,*" as in this case. In the *Jackson* case the judge had already given the jury the proper rules for determining whether the offense was assault with intent to murder, and then proceeded to add to the words, "If you believe that the defendant was guilty of making an assault with intent to murder," other language, some of which was erroneous, but which even then was qualified by the words, "under the circumstances;" and the reviewing court held, that, in view of what preceded, the language used was not necessarily harmful. In the present case the trial judge charges, that if the jury believe that "the defendant committed an *assault* upon Daniel,"

it may become an assault with intent to murder, by reason of a certain presumption,—a presumption which arises in cases of homicide, but which is never implied where death does not ensue. As was tersely said by Judge Lumpkin, in the *Napper* case (123 *Ga.* 573): "Where death does not result, the intent to kill is not matter of legal presumption, but is a matter to be found by the jury." We are clear that the defendant is entitled to have more specific instructions given to the jury on the vital question of intention, than a mere passing reference to the indictment, which contains the words, "with intent then and there to kill," etc.; more especially as the jury were told immediately, after the mere mention of the indictment in the very next succeeding words, that if they believed it would have been murder if death had resulted, then they would be authorized to find defendant guilty of assault with intent to murder.

3. The defendant, at the proper time, presented a written request to the court to charge as follows: "Gentlemen of the jury, if you believe that if the defendant had killed Daniel under the circumstances proven in this case he would not have been guilty of the offense of murder, then I charge you that you can not convict the defendant of the offense of assault with intent to murder." This request is the converse of the charge which has been held to be erroneous; and for that reason it might be thought to be inappropriate. But in *Napper* v. *State,* supra, Lumpkin, J., very clearly shows that any supposed inconsistency is only apparent, but not real; and a request, in substantially the same words as that now before us, was approved (123 *Ga.* 574). In the *Napper* case, however, no such charge as that of which complaint is made in this case was given, and a new trial was refused because the court was satisfied, upon an examination of the entire charge, that it covered the principle included in the request. And in this case, after a critical review of the entire charge, we would hold the same thing and affirm the judgment, were this refusal to charge the only error assigned. But in view of that portion of the charge which is the ground of the first complaint above stated (and which has been held erroneous, in several cases subsequent to those we cite), it would have been better to have presented the request to the jury in its own verbiage. The concluding words of the particular charge of which complaint is made do not afford a substantial com-

pliance with the request; for when the judge added, "If you do not so believe, you would not be authorized to find him guilty of this offense," the language was so general that the jury might have well been left in doubt as to whether he referred to the assault or to the intent,—both of which had just been mentioned in the same connection.

We are compelled to grant a new trial, although we might be reluctant to do so on account of the evidence as it appears in the record. Our sense of obligation to the law leaves no alternative.

*Judgment reversed.*