## 2243.　McAllister *et al. v.* The State.

RUSSELL, J.　1. "The law embraced in section 73 of the Penal Code does not qualify or limit the law of justifiable homicide as contained in sections 70 and 71.　While the law embodied in sections 70 and 71, as well as that embodied in section 73, may both be properly given in the same case, the provisions of the different sections should not be charged in such a way as to leave the impression upon the jury that they are both applicable to the same state of facts."　*Pugh* v. *State*, 114 *Ga.* 16 (39 S. E. 875).　Section 73 applies exclusively to cases of self-defense from danger to life arising during the progress of a fight wherein both parties had been at fault.　Sections 70 and 71 are applicable when the homicide is committed in good faith to prevent the perpetration of any of the offenses mentioned in section 70, or under the fears of a reasonable man that such an offense will be perpetrated unless the person who is actually about to commit it be slain.　*Lightsy* v. *State*, 2 *Ga. App.* 442 (58 S. E. 686) ; *Lee* v. *State*, 2 *Ga. App.* 481 (58 S. E. 676).

2. Under the evidence in this case, it was proper for the judge to give in charge section 890 of the Penal Code, and it was not error to omit any definition of the term "breach of the peace," in the absence of a request that he explain the meaning thereof.

3. Judicial cognizance does not extend to municipal ordinances, and the ordinances tendered in evidence should have been admitted.　This error, however, was harmless, for the reason that the existence and contents of the ordinances tendered were proved, without objection, by parol evidence which was not contradicted.

4. The exception to the refusal of the judge to permit the witness to answer a question propounded by the defendant's counsel presents nothing for the consideration of this court, because it does not appear that at the time of the refusal the judge was informed as to the answer expected.　Even if the objection of the opposite party was insufficient, this would not relieve the counsel who propounded the question from the duty of informing the court as to the nature of the answer expected.

5. The court did not err in charging that an officer has no right to follow up one whom he seeks to arrest, and attempt to shoot or kill him, if the person sought to be arrested is making no effort to resist arrest, but is only attempting to avoid it by flight.

6. "Where a defendant is on trial for assault with intent to murder, the intention to kill must be proved, and is a question of fact, the determination of which is the exclusive province of the jury.　To charge the jury in such a case that if they believed defendant committed an assault as charged in the bill of indictment, and that the offense would have been murder if death had resulted as a consequence, then the jury would be authorized to find the defendant guilty of the offense of assault with intent to murder, is reversible error."　*Duncan* v. *State*, 1 *Ga. App.* 118 (58 S. E. 248).

7. If a witness has, in the opinion of the jury, been successfully impeached by disproving the facts testified to by him, he can not be corroborated.

A witness may be sustained by corroboration if there has merely been an attempt to impeach him by disproving his testimony.

*Judgment reversed.*

Indictment for assault with intent to murder—conviction of shooting at another; from Fannin superior court—Judge Morris. October 9, 1909.

Argued November 30, 1909.—Decided March 11, 1910.

*Gober & Griffin, A. S. J. Hall, T. A. Brown,* for plaintiffs in error. *J. P. Brooke, solicitor-general,* contra.