### 3652.  DUNCAN *v.* THE STATE.

HILL, C. J.  1. On the trial of an indictment for assault with intent to murder, the judge, referring to the statutory offense of shooting at another, used the following language: "If you find such a verdict, the form of that verdict should be, 'We, the jury, find the defendant guilty of the offense of shooting at another, not in his own defense or under other circumstances of justification, according to the principles of the code.' If you find him guilty of that offense, and desire to return such a verdict, and are at a loss to recall the language which the court has given you which is proper to clothe the verdict with, you may, instead of a portion of that language, use the words, 'We, the jury, find the defendant guilty of unlawfully shooting at another, or of shooting

at another unlawfully,' and that would be a verdict which would stand in law." The last paragraph of this charge is objected to on the ground that it was an intimation by the court that sufficient evidence had been produced to warrant a verdict for the offense of shooting at another. *Held*, that the excerpt is not justly subject to the objection urged against it.

2. There was no abuse of discretion in refusing to grant a new trial on the ground of alleged newly discovered evidence, since the affidavit of the witness relied upon to give such evidence clearly shows that it was not in fact newly discovered, but could have been procured on the first trial by the exercise of ordinary diligence. Besides, it was merely cumulative.

3. No error of law appears, and the evidence supports the verdict.

*Judgment affirmed.*

DECIDED OCTOBER 23, 1911.

Indictment for assault with intent to murder; from Madison superior court—Judge Meadow. July 7, 1911.

*Adams & Brown, J. E. Gordon,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.