## 3646.  HUNTER *v.* THE STATE.

1. The specific intent to kill is an essential ingredient of the offense of assault with intent to murder.  The existence or non-existence of this intent is a matter of fact to be determined by the jury, from the evidence, and is not the subject of any legal presumption arising merely from a part of the evidence.  The law will charge an evil-doer with all the natural consequences of his unlawful act which the act produces, but it does not impute to him by mere presumption an intention to add a consequence to his unlawful act which was not in fact produced.

2. The evidence, though circumstantial, fully authorized the conviction of the defendant.

DECIDED APRIL 2, 1912.

Indictment for assault with intent to murder; from Terrell superior court—Judge Worrill.  July 15, 1911.

*H. A. Wilkinson, D. S. Griggs,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

RUSSELL, J.  The defendant was convicted of the offense of shooting at another, with a recommendation that he be punished as for a misdemeanor.  The trial judge, as he had a right to do, disregarded the recommendation and sentenced the defendant to serve four years in the penitentiary, or in such other place as the Governor might direct.  The defendant excepts to the refusal of a new trial.  The motion for new trial is based upon the usual general grounds, and no complaint is made as to any of the judge's rulings or as to his instructions to the jury.  The insistence of the defendant is that, admitting all the testimony for the State to be true, the circumstances in proof are not inconsistent with his innocence, and that for that reason the verdict is contrary to law, as being without evidence to support it.  It is also urged that inasmuch as the evidence does not show that the weapon as used was likely to produce death, the defendant could not legally be convicted.  Passing for the present the question as to the sufficiency of the evidence generally to warrant the conviction of the defendant, we will deal first with the contention that the de-

fendant should either have been convicted of assault with intent to murder or have been acquitted.

1. Upon review of the evidence, we are satisfied that the defendant might properly have been convicted of the statutory offense of shooting at another, although indicted for assault with intent to murder. One of the differences between assault with intent to murder and the offense of shooting at another is that, to authorize a conviction of assault with intent to murder, the evidence must satisfy the jury of the existence of a specific intent on the part of the accused to kill the person assaulted, whereas .one may be guilty of the offense of shooting at another in any case where he assaults another with a firearm without intent to kill, but not in his own defense or under other circumstances of justification, as provided in the code. The very fact (referred to in the brief of counsel for plaintiff in error) that the evidence does not show that the weapon used was such as was likely to produce death may furnish the reason why the jury found the defendant in the case at bar guilty of shooting at another, instead of guilty of assault with intent to murder. The real issue in the case is as to the identity of the person who shot Will Reed. The jury in this case had first to determine who was the person who did the shooting, and then the grade of the offense, if they found an offense had been committed. In·order to find the accused guilty of assault with intent to murder (there being no such presumption as arises in a case where death results), the jury had to find that a specific intent to kill existed in the mind of the party who made the assault. Besides the fact referred to by counsel for the plaintiff in error, that the evidence failed to disclose that the weapon with which the assault was made .was one likely to produce death, the character of the wound and the kind of shot used both support the conclusion that there was not an intent to kill. Other evidence in the case lends color to the inference that it was perhaps the intent of Will Reed's assailant to frighten him away from his home by putting him in terror of his life. Certainly the plaintiff in error can not complain that, by reason of the State's failure to prove a specific intent to kill, he was only found guilty of shooting at another, when if this specific intent had been shown to the satisfaction of the jury, and beyond a reasonable doubt, the prisoner could have been subjected to the severer penalties imposed for assault with intent to murder. Con-

ceding that the evidence does not show a specific intent to kill, and that the fact that the weapon which was used was not shown to have been used in a manner likely to produce death would in some cases tend to show that on the contrary there was either no intention to kill, or a fixed intention not to kill, as ruled by Chief Justice Bleckley in *Gilbert* v. *State,* 90 *Ga.* 692 (16 S. E. 652), "without a specific intent to kill as charged in the indictment, the offense of assault with intent to murder can not be committed. The existence of such intent is a matter of fact to be determined by the jury from all the evidence before them, and not matter for legal inference or presumption from only a part of the evidence, or even from the whole of it."

2. The case against the accused depended wholly upon circumstantial evidence, but we think the circumstances were sufficiently conclusive to authorize the jury to find the defendant guilty, and to exclude any other reasonable supposition than that he was guilty. Of course, the credibility of the witnesses was a matter solely for the jury, and for that reason we can not consider the fact that the testimony of some of the witnesses may have been different upon the trial now under review from what it was on the prior investigation, which resulted in a mistrial; but, assuming, as we must, that the jury believed the witnesses who testified in behalf of the State, the hypothesis of the defendant's guilt reasonably excludes every other supposition.

The party who was assaulted was shot through a window after he had retired to his bed. He was wounded with number 7 shot, which were loaded in a shell and held in the shell with wadding. The gun was discharged close to the window, and set fire to the curtains. The defendant had worked for Reed, the party who was shot, and had been ordered from Reed's home on account of supposed intimacy with or advances to Reed's wife. The defendant knew exactly where Reed slept and the situation of his bed. He had threatened Reed with violence on more than one occasion, when Reed would complain of his attention to his wife. On the very day of the shooting the defendant borrowed a single-barrel shot-gun from one of the witnesses; from another he procured a shell which contained number 7 shot, and from a third witness he borrowed a mule. At the time of the shooting the defendant lived some miles from Reed's home, and one of the witnesses saw the

53

defendant go by his house on the mule the night of the shooting. When he borrowed the mule he stated that he intended to go in the opposite direction from that in which Reed lived, but, when the witness saw him, he was on the road towards Reed's house. Another witness saw the defendant shortly before the shot, about 150 yards from Reed's house, and upon the approach of this witness the defendant crossed the sidewalk and apparently attempted to conceal something. There was also testimony to the effect that tracks leading from the window where Reed was shot, to where the mule apparently had been tied, a short distance away, were made by the accused. These are the most salient circumstances. However, there are quite a number which would authorize the conclusion that the defendant shot the prosecutor in order to enjoy unmolested the society of the prosecutor's wife.

*Judgment affirmed. Pottle, J., not presiding.*