5290.   HAMILTON *v.* THE STATE.

Taken in connection with the evidence and the prisoner's statement, the instructions complained of do not require a new trial. The evidence authorized the verdict.
                    DECIDED DECEMBER 9, 1913.

Indictment for assault with intent to murder; from Milton superior court—Judge Patterson. September 29, 1913.

*J. P. Brooke,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

ROAN, J.   David Hamilton was indicted for assault with intent to murder John Hamilton, and was found guilty. The evidence showed that they were attending a dance at the house of Frank Howell, and that Frank Howell and the defendant had a fight, in which the defendant was beaten. After the difficulty Frank Howell went into a back room, and was standing talking to John Hamilton, when the defendant shot from the outside, through a window, striking both Frank Howell and John Hamilton. It was shown that the defendant and John Hamilton were cousins and were good friends, both before and after the shooting. The defendant, in his statement at the trial, said: "I went to the window, and I saw him [meaning Frank Howell] and John Hamilton standing in the back room; he had a gun and John had a pistol, and I

thought they were fixing to get me, and I thought it was best to get them first." The defendant excepts to the refusal of his motion for a new trial, which was based upon the usual general grounds, and upon exceptions to the following excerpts from the charge of the court:

(1) "I charge you in connection with that, if it was his intention to shoot at some one else, and, instead of shooting that person, he shot the injured person, as charged in this indictment, then you would take into consideration the facts and circumstances in determining the question of whether or not he would have been guilty of the offense of murder if he had killed that other person, or the person against whom he was intending to inflict an injury, if you find he was intending to inflict any injury." This is alleged to be error for the reason that the defendant was not charged with shooting any person other than John Hamilton, and that an intent to shoot another would not make him guilty of the offense charged.

(2) "I charge you in this case, if you believe that this offense grew out of an altercation between Frank Howell and the defendant, and that it arose at the residence or home of Frank Howell, that Frank Howell would have a right to say who his visitors at his house were, and when he got tired of a visitor he had a right to take him away; if he refused to go away, then he would have a right to eject him from the house, and he would have a right to use just such force as was necessary and required to eject him from it; that it was his house, and he had a right to say who should remain there and who should not, and when he asked the man to leave, if you believe he asked him to leave, it was his duty to leave. You will take all these matters into consideration in determining the questions in this case." This is alleged to be error for the reasons that it is prejudicial to the defendant, and that the court failed to give in connection therewith the defendant's contention that he was a peaceable visitor at Frank Howell's house, and that Frank Howell was not justified in his conduct towards the defendant.

(3) "If you believe he really intended to shoot at Frank Howell, you will say whether he then shot at Frank Howell under circumstances of self-defense, or under circumstances of justification. If it was a case of self-defense and justification as to Frank

Howell, and he did not intend to shoot this injured party, and he shot him through mistake, then it would be reckoned and the case would turn upon the fact, as to what his offense would have been if Frank Howell had been the injured party, and the indictment had charged the offense as against Frank Howell." This is alleged to be error for the reason that the defendant was charged with trying to kill John Hamilton, and any intent to kill another was immaterial.

1. We do not think there was error in the first portion of the charge excepted to, when it is taken in connection with the preceding part of the charge. The court there charged the jury that "'The allegation of intent in this indictment is a material allegation, and, unless you believe from the evidence in the case that it was the intention of the defendant, at the time he made the assault upon the injured party, to kill and murder him, you would not be authorized to find the defendant guilty." It seems that instead of being harmful to the defendant, this part of the charge was really in his favor.

2. While the instruction as to the right of Frank Howell to say who should remain in his house was perhaps unnecessary, and might well have been omitted, we do not think it was sufficiently harmful to the defendant to require the granting of a new trial.

3. We do not think the third portion of the charge objected to was erroneous when taken in connection with the rest of the charge as a whole.

4. The defendant in his statement having admitted that at the time he shot he intended to "get" both Frank Howell and John Hamilton, we will not disturb the finding of the jury on the general grounds of the motion.

<em>Judgment affirmed.    Russell, C. J., dissents.</em>

POTTLE, J., concurring. While I do not think the charges complained of are in all respects accurate, yet in view of the prisoner's statement that he intended "to get" both Howell and John Hamilton, the prosecutor, the judgment overruling the motion for a new trial should not be reversed. In all cases of assault with intent to kill there must be a specific intent to kill the person assaulted, and such an intent with reference to one person can not be presumed to have existed in reference to a bystander accidentally struck. Where death ensues, an intent to kill is presumed from the

bare fact of killing, but there is no such presumption where death does not result. The instructions complained of are not, in the abstract, in harmony with the foregoing views, but do not demand a new trial, in view of the prisoner's admission- of an intent to assault Hamilton with a deadly weapon.

RUSSELL, C. J., dissenting. Immediately preceding the excerpt from the charge which is the basis of the first assignment of error, the court correctly charged the jury as follows: "I charge you that the allegation of intent in this indictment is a material allegation, and, unless you believe from the evidence in the case that it was the intention of the defendant, at the time he made the assault upon the injured party, to kill and murder him, you would not be authorized to find the defendant guilty of the offense charged in the indictment." In this instruction the jury were given a principle of law wherein the rule in Georgia differs from that in the great majority of our sister jurisdictions; and perhaps it would not have been error if the court had dispensed with any further instructions upon the subject; but in the excerpt of which complaint is made the judge proceeded to suggest to the jury one of the methods by which they might satisfactorily discover the existence of an intent to kill, and, in so doing, in my judgment, he violated the rule laid down in the cases of *Patterson* v. *State*, 85 *Ga.* 131 (11 S. E. 620, 21 Am. St. R. 152), *Gallery* v. *State*, 92 *Ga.* 463 (17 S. E. 863), and *Gilbert* v. *State*, 90 *Ga.* 691 (16 S. E. 652), as well as the ruling of this court in *Duncan* v. *State*, 1 *Ga. App.* 118 (58 S. E. 248). Where death ensues as a result of the use of a deadly weapon, the law imputes the intent to kill as concomitant with the result or consequence which ensues; but where death does not ensue, the presumption of malice does not arise, and the inference that there was an intent to kill is not supported merely because a deadly weapon was used in making the assault. In my opinion it was prejudicial error to tell the jury that in determining whether or not the essential intent to kill existed in the mind of the accused at the time the assault was made, the jury might consider what offense the accused would have been guilty of if either of the parties assaulted had died. I would agree with the view taken by Judge Pottle, in his special concurrence, and treat the error in the instructions as immaterial, if I entertained the same view as to the effect of the defendant's statement as he gives it,

but it must be conceded that, in order to overlook the error in the instruction of the judge, and hold it not to have been prejudicial to the accused, it must be clear that the verdict returned was *demanded* by the evidence or the statement of the accused, or by both. In the present case the language used by the defendant in the statement was that he thought "it was best to get them first." He fired his gun, inflicting wounds in the feet and legs of the persons assaulted. If death had ensued, the word "get," as used by the defendant in his statement, would have carried with it an implication of an intent to kill. As death did not ensue, it was at least issuable as to what was really intended by that term. Since, in my view of the case, the statement of the defendant does not compel the conclusion that the defendant meant by the use of the word "get" that he intended to kill, and, therefore, a finding that the intent to kill existed is not demanded, the error in the charge was material and prejudicial, and should result in the grant of a new trial.