## ASHFORD *v.* THE STATE.

HILL, J. The evidence for the State tended to show, that the defendant had with a plow-line or rope so severely whipped his child (whose age was estimated by witness to be from 6 to 11 years) as to cause her death, and had also severely beaten a younger child of his, and had run away; that when arrested he represented that the child died from eating glass, which claim was contradicted by evidence of physicians that no glass was found in her stomach; and that the skin had been whipped from parts of the body and head of the dead child, portions of her flesh were beaten into a "jelly," and there was a cut under her hair. The defendant admitted whipping the children. There was no direct evidence that the instrument used was a weapon likely to produce death. *Held:*

1. Voluntary manslaughter was not involved, under the evidence, and there was no error in omitting to charge on that subject.

2. The evidence authorized the submission by the court to the jury of the theories of murder and of involuntary manslaughter in the commission of an unlawful act. Clark's Crim. Law (2d ed.), 206, § 76; Wharton on Homicide, § 472.

3. Where an involuntary homicide results from the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, the offense is deemed to be murder. Penal Code (1910), § 67; Clark's Crim. Law (2d ed.), 190.

4. The charges complained of in the 2d and 3d grounds of the amended motion for a new trial were in accord with the principles of law announced in the preceding headnotes, and were not subject to the criticisms made.

5. The evidence supported the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

MARCH 14, 1916.

Indictment for murder. Before Judge Thomas. Berrien superior court. December 1, 1915.

*J. T. Houze* and *John R. Cooper,* for plaintiff in error.

*Clifford Walker, attorney-general, J. A. Wilkes, solicitor-general,* and *Mark Bolding,* contra.