## 21377. EMANUEL *v.* THE STATE.

BROYLES, C. J. 1. "Where a defendant is on trial for assault with intent to murder, the intention to kill must be proved, and is a question of fact, the determination of which is the exclusive province of the jury. To charge the jury in such a case that if they believe defendant committed an assault as charged in the bill of indictment, and that the offense would have been murder if death had resulted as a consequence, then the jury would be authorized to find the defendant guilty of the offense of assault with intent to murder is reversible error." *Duncan* v. *State*, 1 *Ga. App.* 118 (58 S. E. 248) ; *McAllister* v. *State*, 7 *Ga. App.* 541 (6) (67 S. E. 221).

2. In the instant case the defendant was convicted of an assault with intent to murder, but the evidence, while supporting the verdict, would have also authorized a verdict for assault and battery. The judge in his charge correctly instructed the jury upon the abstract law of murder and of an assault with intent to murder; but subsequently in the charge, when he applied the abstract law to the facts of the case, he charged as follows: "If you believe, from the facts and circumstances of this case and the evidence, that this defendant is the party who inflicted the alleged blow upon the prosecutor, Curtis Dyal, in this case,

and if you believe further that if death had ensued as a result of the infliction of the blow by this defendant upon the prosecutor, that the defendant would have been guilty of murder under the laws of this State as I have defined to you what murder is, then it would be your duty to convict the defendant of the offense of assault with intent to murder. If, however, you do not believe he is guilty of the offense of assault with intent to murder, you will look further to the evidence and determine whether or not he is guilty of the lesser offense of assault and battery." Under the facts of the case this charge requires the grant of a new trial. When the judge came to apply the abstract law to the particular facts of the case it was incumbent on him to again instruct the jury, in effect, that when death results from an assault, the intent to kill is presumed, but that when death does not follow from the assault, there is no presumption of such an intent, and the intent to kill must be proved to the satisfaction of the jury.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 13, 1931.

*H. F. Rawls,* for plaintiff in error.
*A. B. Spence, solicitor-general,* contra.