### 21920. WELLS *v.* THE STATE.

DECIDED FEBRUARY 17, 1932.

*H. A. Allen, J. A. McFarland, Wright Mitchell, Carter Pittman,* for plaintiff in error.

· *John C. Mitchell, solicitor-general,* contra.

LUKE, J.    Fred Killian and M. A. Wells were jointly indicted for the offense of involuntary manslaughter.   Wells alone excepts to the judgment overruling their joint demurrer to the indictment. The demurrer is general in its nature, though special in form.   The indictment contains three counts, the first and second charging the offense of involuntary manslaughter in the commission of an unlawful act, the third involuntary manslaughter in the commission of a lawful act without due caution and circumspection.

The first count makes substantially the following case :    The defendants Killian and Wells, were employees of the State highway board and were supervising construction work being done on a State-aid road in Whitfield county.    The deceased, Thomas Farmer, was a convict in the custody and control of wardens and guards appointed by the Prison Commission of Georgia.    The manual labor necessary in the road-construction work was being done by convicts, Farmer among them.   On the 30th of June, 1931, while Farmer was at work on the road, in the sunshine, with the thermometer standing at or above 100 degrees, he became ill from the excessive heat and fell to the ground, unable to carry on the work assigned him to do.    Although the accused "had no right or authority to discipline, confine, chain, handcuff, or strike any of the prisoners of said convict camp," yet, upon seeing Farmer so fall, and without calling any guard, warden, or other person in charge of the prisoners, the accused themselves took Farmer to a near-by

telephone pole, which was also in the open and away from any shade, fastened his arms around the pole with handcuffs, with his back to the pole, and then returned to their work, leaving Farmer so chained to the telephone pole, where, about 30 minutes later, he fell unconscious from sunstroke, and died. The second count differs from the first, in that it alleges that the accused did have authority to superintend the work of the prisoners "and it was also the duty of the said accused to safely keep said convicts, including said Farmer, from escaping while said accused were so working said convicts." The second count further alleges that Farmer's death was so caused within three hundred yards of the main convict camp, where he might have been safely sent and held, and within one hundred feet of an oak grove, plainly visible to the accused, where Farmer might have been chained without danger of death from sunstroke. The third count, charging involuntary manslaughter in the commission of a lawful act without due caution and circumspection, differs from the second mainly in that it alleges that the accused had authority to discipline the prisoners in lawful ways. The other allegations of the indictment need not be pointed out here.

With the foregoing statement of the facts as set forth in the indictment, the headnotes need but little elaboration. Both degrees of involuntary manslaughter are clearly defined by statute. Penal Code (1910), § 67; *O'Connor* v. *State,* 64 *Ga.* 125 (37 Am. R. 58). As to the alleged acts of the accused constituting an assault and battery, regardless of any official position to which they may have been appointed and in which they may have been serving, see *Ashford* v. *State,* 144 *Ga.* 832 (88 S. E. 205); *Moody* v. *State,* 120 *Ga.* 868 (48 S. E. 340); *McDonald* v. *State,* 6 *Ga. App.* 339, 352 (64 S. E. 1108). As against the demurrer, the allegations of the indictment must be taken as true. What the evidence will disclose upon the trial remains to be seen; but the case is one that should be tried and disposed of according to the facts as the jury trying the case shall find them to be.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*