## 25771.    CHANDLER *v.* THE STATE.

BROYLES, C. J.    1. The assignment of error on the alleged failure of the court to charge the jury on the contention of the defendant that he shot the person (charged in the indictment to have been shot by him) in his own defense, is without merit.    The charge of the court sufficiently covered that contention, although no direct mention of either the defendant's or the State's contentions was made in the charge.

2. "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions." *Hill* v. *State*, 18 *Ga. App.* 259 (89 S. E. 351), and cit.; *Killian* v. *State*, 19 *Ga. App.* 750 (2) (92 S. E. 227); *Wallace* v. *State*, 43 *Ga. App.* 785 (159 S. E. 905); *Saunders* v. *State*, 172 *Ga.* 770 (14) 777 (158 S. E. 791).    Under this ruling, the excerpts from the charge, complained of in special grounds 4 and 5 of the motion for new trial, were not erroneous.

3. The accused was indicted for and convicted of an assault with intent to murder, and the undisputed evidence showed that he shot the prosecutrix, the bullet going into her side and coming out of her abdomen.    The

court instructed the jury upon the law of assault with intent to murder, and upon the law of unlawful shooting at another. Under these circumstances the failure of the court to charge upon voluntary manslaughter was not harmful to the accused, as the only possible beneficial effect to the defendant of such a charge would have been that it would have authorized a finding of an unlawful shooting at another. *Duhart* v. *State*, 18 *Ga. App.* 287 (89 S. E. 343).

4. While in a prosecution for assault with intent to murder, the defendant can not be legally convicted unless the specific intent to kill be shown, yet such intent "may be inferred by the jury from circumstances, as well as proved by direct evidence. Where the evidence showed that the accused shot at the prosecutor with a loaded pistol at a distance of sixty feet, and hit him, producing a serious wound in the back, near the shoulder, the jury were authorized to infer from these facts a specific intent to kill." *Lovett* v. *State*, 9 *Ga. App.* 232 (3) (70 S. E. 989); *Nelson* v. *State*, 4 *Ga. App.* 223 (2) (60 S. E. 1072); *Howard* v. *State*, 2 *Ga. App.* 830 (2) (59 S. E. 89). Under this ruling and the facts of the instant case, the jury were authorized to infer that the defendant shot the prosecutrix with the specific intent to kill her.

5. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided October 14, 1936.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, Quincy O. Arnold,* contra.