27524. REECE v. THE STATE.

GUERRY, J. 1. In a trial for assault with intent to murder, the question of intent is for the jury. Gilbert v. State, 90 Ga. 691 (16 S. E. 652); Walton v. State, 114 Ga. 112 (39 S. E. 877); Hunter v. State, 10 Ga. App. 831 (74 S. E. 553); Wimberly v. State, 12 Ga. App. 540 (77 S. E. 879); Chandler v. State, 54 Ga. App. 334 (4) (187 S. E. 856). While to authorize a conviction for assault with intent to murder a deliberate intent to kill must be shown at the time of the assault, such intent may be inferred by the jury from the "nature of the instrument used in making the assault, the manner of its use, and the nature of the wounds inflicted, as well as the brutality and duration of the assault." Howard v. State, 2 Ga. App. 830 (2) (59 S. E. 89); Nelson v. State, 4 Ga. App. 223 (60 S. E. 1072); Chandler v. State, 54 Ga. App. 334 (4) (187 S. E. 856). The evidence in the instant case was sufficient to authorize the jury to believe that the stick used was an instrument likely to produce death, and that, from the manner and brutality of its use and the nature and duration of the injuries inflicted, the defendant assaulted the prosecutor with intent to kill.

2. Where a motion for new trial is predicated in part on alleged newly discovered evidence, before an assignment of error to the judgment overruling the motion relatively thereto may be considered, it must affirmatively appear that the movant and his counsel exercised due diligence, before the trial, to discover such evidence, and that by the

exercise of ordinary diligence such evidence could not have been discovered. *Smiley* v. *Smiley*, 144 *Ga.* 546 (3) (87 S. E. 668); *Jenkins* v. *Jenkins*, 150 *Ga.* 77 (3) (102 S. E. 425); *Duncan* v. *State*, 9 *Ga. App.* 873 (2) (72 S. E. 431); *Heard* v. *Smith*, 183 *Ga.* 725 (189 S. E. 592). In the instant case the movant alleged in his affidavit that he "did not know of the existence of the evidence set out in his amended motion for new trial as newly discovered evidence before the trial, and that the same could not have been discovered by 'the exercise of ordinary diligence." His counsel made substantially the same affidavit. Such averments were mere "expression of opinion of the affiants, and gave no facts by which the court could judge whether they had used due diligence or not and whether the evidence could have been discovered by such use." *Redding* v. *State*, 183 *Ga.* 704 (2) (189 S. E. 514). The showing of due diligence appearing insufficient, the court was not required to grant a new trial upon the alleged newly discovered evidence.

3. The evidence authorized the verdict, and the court did not err in over-ruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 8, 1939.

*T. S. Candler, Joseph G. Collins,* for plaintiff in error.

*Robert McMillan, solicitor-general, G. Fred Kelley, solicitor-general, John E. Frankum,* contra.