### 31151. BENFORD *v.* THE STATE.

DECIDED FEBRUARY 2, 1946.

*Orrin Roberts,* for plaintiff in error.

*D. M. Pollock,* solicitor-general, contra.

GARDNER, J. ■ The defendant assigns error upon the overruling of his motion for a new trial in a case where he was convicted of assault with intent to murder. Other than the general grounds, there are three special grounds. We will deal with them in their order. As to the general grounds, the jury were authorized to find that the accused was on a public highway in the Town of Social Circle, drinking and using vile and opprobrious words to and chasing two innocent pedestrians, who were on such highway for the purpose of going to the business section of the town. These two pedestrians reported this transaction to the policeman of the town. Whereupon the policeman, taking the two parties who reported such incident in his motor vehicle, drove to the scene of the incident. There the officer found beer and wine bottles at the place pointed out to him, but the defendant and the other members of his party who attacked the pedestrians were not there. Upon going a short distance from that scene to another place on the highway, the officer found the defendant and a woman companion drunk and staggering over the highway and brawling. Then the officer stopped his vehicle and alighted therefrom. After some few immaterial words between him and the defendant, the officer informed the defendant that he would be compelled to arrest and confine the defendant. The defendant then attacked the officer, attempting to catch the officer, and struck him

about the body and face. The officer, with a view of effectuating the arrest, and after having endeavored to subdue the defendant with his open hands, resorted to the use of his blackjack. After having struck the defendant several times with the blackjack and while the defendant was still resisting the officer, the defendant, with a knife or some other sharp instrument, ran behind the officer and cut him, severing the holster strap and causing the instrument to penetrate the fleshy part of the officer's back. After the defendant had thus wounded the officer, the officer drew his pistol and fired several shots at the defendant. The defendant then ran and the officer pursued him, firing the remaining cartridges in his pistol chamber, hitting the defendant several times in the arms and legs and one time in the body. The accused fell in a ditch. The officer returned to headquarters where he reported the incident to the chief of police and effectuated the arrest of the defendant. If it may be said that the officer was indiscreet (or even unlawful, which we do not decide), in shooting the defendant while he was fleeing and after he had cut the officer, this phase of the question is not before us. It is not before us for the reason that the defendant had already made the unlawful and unjustifiable assault upon the officer during the defendant's resistance of a lawful arrest. We say "lawful arrest" for the reason that if the evidence of the State is to be believed, the defendant, in the presence of the officer, was guilty of public drunkenness on a public street and highway, which drunkenness or intoxication was made manifest by indecent conduct—staggering and fighting with his woman companion. In such a situation, by virtue of the authority contained in the Code, § 27-207, the officer was authorized, indeed it was his duty under the facts of this case, to arrest the defendant without a warrant. It must be kept in mind that the accused had previously, without any provocation whatever, cursed, abused, and chased innocent users of the public highway to such an extent that this previous "outlawness" just a short time before was reported to the officer. The jury were authorized to find that the defendant made the attack on the officer with a weapon likely to produce death. This feature of the case is sustained by an exhibit to the jury of the wound on the officer. This wound, although no weapon was found on the defendant or introduced, was sufficient evidence to sustain the allegation that the attack

was made with intent to kill with a weapon likely to produce death. The jury may infer the character of the deadly weapon from the nature and extent of the wound. *Evans* v. *State,* 68 *Ga. App.* 207 (22 S. E. 2d, 618); *Kennedy* v. *State,* 68 *Ga. App.* 852 (24 S. E. 2d, 321). The general grounds are without merit.

■ Special ground 1 is based on the contention that, if the defendant was guilty of any offense, it could only be of stabbing. Counsel for the plaintiff in error deal with this ground along with the general grounds and cite several decisions to sustain this contention. We will discuss these decisions in the order in which counsel cite them. The principle in *Norton* v. *State,* 137 *Ga.* 842 (3) (74 S. E. 759), is based upon an unlawful arrest. Under the facts of the instant case, the arrest was lawful. The principles of that case are not applicable here. In *Moody* v. *State,* 120 *Ga.* 868 (3) (48 S. E. 340), the principle is, to what extent an officer may go in making an arrest. The facts in the *Moody* case are, that the arresting officer was convicted of assault and battery for having violently beaten the accused after the accused had been arrested and placed in jail. It will thus be seen that the facts in that case are not at all similar to those in the instant case. *Holmes* v. *State,* 5 *Ga. App.* 166 (62 S. E. 716), deals with the rights of one to defend himself against an unlawful arrest. That question is not involved here. *Perdue* v. *State,* 5 *Ga. App.* 821 (63 S. E. 922), and *Wall* v. *State,* 153 *Ga.* 309 (11), (112 S. E. 142), also deal with an illegal arrest, and do not apply to the facts of the instant case. It does not appear in this record that the officer here used more force than was necessary to effect the arrest, which he had a right to make; but it does appear that he did not use sufficient force to arrest the defendant, since he did not effectuate the arrest. There is no merit in the assignment of error on this ground.

■ Special ground 2 assigns error upon the following charge of the court: "The defendant in this case denies he is guilty; he denies that he made any assault on Mr. Underwood; he denies that he cut him at all. If you believe that statement, of course it will be your duty to acquit him." This excerpt, when considered in the light of the charge as a whole, shows no error. The court elsewhere charged fully upon reasonable doubt and the defendant's statement. This ground is without merit.

■ Special ground 3 assigns error because the court refused, over objection, while the police officer was on the stand, to allow him to answer the question, "Have you killed another man since this happened?" We know of no principle of law that would render admissible the testimony sought to be elicited by this question. Able counsel for the plaintiff in error have cited no decision or statute to sustain such contention. This ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*