### 31295. FULMER v. THE STATE.

MacINTYRE, J. 1. "It is within the power and right of a jury to believe a witness, no matter what effort may have been made to impeach him, or what testimony has been presented for that purpose, and even though the witness be not corroborated." *Solomon* v. *State,* 10 *Ga. App.* 469 (3) (73 S. E. 623).

2. "The credibility of a witness is exclusively for determination by the

jury; and although a witness may have been successfully impeached, it is left to the discretion of the jury to decide whether his testimony has been corroborated; and while it would be their duty to disregard entirely the testimony of an impeached witness, unless corroborated, yet they have the right to believe the evidence of a witness, notwithstanding the impeachment, and in the absence, of any corroboration. Section 5884 [38-1806] of the Civil Code (1910) is not intended as an abridgment of the absolute right of the jury to determine as to the credibility of witnesses.' *Brown* v. *State*, 10 *Ga. App.* 50 (2) (72 S. E. 537); *Solomon* v. *State*, 10 *Ga. App.* 469 (3) (73 S. E. 623)." *Edwards* v. *State*, 55 *Ga. App.* 187 (5) (189 S. E. 678).

3. " 'The whole question of the credibility of witnesses is wisely left to the jury under any and all circumstances, and, though Ananias and Sapphira spoke again, the law would not strike them dead, but would leave their testimony to be weighed and accepted or rejected by the jury.' This court is therefore powerless to interfere with the verdict of a jury where there is any evidence, however slight, to support it, and regardless of what may be the character of the witnesses for the State." *Aycock* v. *State*, 62 *Ga. App.* 812 (1) (10 S. E. 2d, 84).

4. "In a trial for assault with intent to murder, the question of intent is for the jury. *Gilbert* v. *State*, 90 *Ga.* 691 (16 S. E. 652); *Walton* v. *State*, 114 *Ga.* 112 (39 S. E. 877); *Hunter* v. *State*, 10 *Ga. App.* 831 (74 S. E. 553); *Wimberly* v. *State*, 12 *Ga. App.* 540 (77 S. E. 879); *Chandler* v. *State*, 54 *Ga. App.* 334 (4) (187 S. E. 856). While to authorize a conviction for assault with intent to murder a deliberate intent to kill must be shown at the time of the assault, such intent may be inferred by the jury from the 'nature of the instrument used in making the assault, the manner of its use, and the nature of the wounds inflicted, as well as the brutality and duration of the assault.' *Howard* v. *State*, 2 *Ga. App.* 830 (2) (59 S. E. 89); *Nelson* v. *State*, 4 *Ga. App.* 223 (60 S. E. 1072); *Chandler* v. *State*, 54 *Ga. App.* 334 (4) (187 S. E. 856)." *Reece* v. *State*, 60 *Ga. App.* 195 (3 S. E. 2d, 229). The evidence in the instant case was sufficient to authorize the jury to believe that the knife used was an instrument likely to produce death, and that, from the manner and brutality of its use and the nature and the duration of the injuries inflicted, the defendant assaulted the prosecutor with intent to kill.

5. Applying the above rules of law to the evidence in the instant case, the evidence authorized a verdict of assault with intent to murder and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED SEPTEMBER 28, 1946.

*Alfred Herrington,* for plaintiff in error.
*M. H. Boyer, Solicitor-General,* contra.