## 34206. TANNER *v.* THE STATE.

CARLISLE, J. 1. "In a trial for assault with intent to murder, the question of intent is for the jury. *Gilbert* v. *State*, 90 *Ga.* 691 (16 S. E. 652); *Walton* v. *State*, 114 *Ga.* 112 (39 S. E. 877); *Hunter* v. *State*, 10 *Ga. App.* 831 (74 S. E. 553); *Wimberly* v. *State*, 12 *Ga. App.* 540 (77 S. E. 879); *Chandler* v. *State*, 54 *Ga. App.* 334 (4) (187 S. E. 856). While to authorize a conviction for assault with intent to murder, a deliberate intent to kill must be shown at the time of the assault, such intent may be inferred by the jury from the 'nature of the instrument used in making the assault, the manner of its use, and the nature of the wounds·inflicted, . .' *Howard* v. *State*, 2 *Ga. App.* 830 (2) (59 S. E. 89); *Nelson* v. *State*, 4 *Ga. App.* 223 (60 S. E. 1072); *Chandler* v. *State*, 54 *Ga. App.* 334 (4) (187 S. E. 856)." *Reece* v. *State*, 60 *Ga. App.* 195 (3 S. E. 2d, 229).

2. Where the indictment charges the commission of the offense of assault with intent to murder with a blunt instrument likely to produce death, the proof must show that the instrument was a weapon of that character, but this may be done by evidence of the nature of the wound as well as by direct proof of the character of the weapon. *Jackson* v. *State*, 56 *Ga. App.* 374 (1) (192 S. E. 633); *Evans* v. *State*, 68 *Ga. App.* 207 (22 S. E. 2d, 218); *Kennedy* v. *State*, 68 *Ga. App.* 852 (24 S. E. 2d, 321); *Benford* v. *State*, 73 *Ga. App.* 426, 428 (36 S. E. 2d, 833).

3. Where, under an application of the foregoing principles of law, the jury was authorized to find from the evidence that the defendant, without provocation, assaulted the prosecutor by "swinging" something at him, causing the prosecutor to leap aside, and when the two were about eight or ten feet apart the defendant threw something, some kind of blunt instrument like a rock, at the prosecutor, striking him in the head and causing the prosecutor to fall bleeding to the pavement, from which blow the prosecutor was rendered unconscious and delirious, in which condition he remained for several days in the hospital, suffering from a brain concussion; and from those facts the jury was authorized to infer that the defendant struck the blow with a weapon likely to produce death and with the intent to kill, the trial court did not err in charging upon the law of assault with intent to murder, upon which charge error is assigned in the only special ground of the motion for a new trial.

4. The general grounds of the motion for a new trial were not argued or generally insisted upon in the brief of counsel for the defendant, and are treated as abandoned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 17, 1952.

*E. C. Stark, George W. Westmoreland,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.