## 34331. ANDERSON v. THE STATE.

CARLISLE, J. Where, on the trial of one charged with and convicted of assault with intent to murder, it appeared from the evidence that the defendant and the prosecutor, who are brothers-in-law, were alone together at the prosecutor's home on the day of the alleged offense, that they spent the afternoon of that day consuming a fifth of a gallon of whisky between them, that after drinking the whisky, the defendant, knowing that the prosecutor had several dollars in his pocket, asked the prosecutor if he had two dollars which he would lend him, to which the prosecutor replied that he did not, that the defendant made no further comment and the prosecutor went into his house and into the kitchen to get a bucket in order to replenish their water supply, that as the prosecutor started down the hall of the house with the bucket, he met the defendant coming out of a bedroom with a shotgun, that the prosecutor asked the defendant what was the trouble, to which the defendant made no reply, and that the prosecutor took a hold on the gun, throwing the barrel into the air, that the defendant pulled the gun away from the prosecutor who began to back away from the defendant toward the front door, and that as the prosecutor was almost to the door the defendant walked forward and fired the gun at the prosecutor, that the shot practically severed one of the prosecutor's arms from his body causing it to have to be amputated, and the shot also tore a hole in the prosecutor's chest and punctured his lungs—the jury was authorized to find that the defendant assaulted the prosecutor with intent to murder and was authorized to arrive at that conclusion from the defendant's use of a weapon, which in the manner used was likely to produce death, and from the nature and extent of the wounds inflicted. *Tanner* v. *State,* 86 *Ga. App.* 767 (72 S. E. 2d, 549), and citations.

The trial court did not, therefore, err in overruling the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED NOVEMBER 8, 1952.

*Hicks & Culbert,* for plaintiff in error.
*John W. Davis, Solicitor-General, Earl B. Self,* contra.