BALDWIN *vs.* THE STATE OF GEORGIA.

1. On the trial of a person charged with stabbing another, not in his own defence or under other circumstances of justification, it was error for the court to charge as follows : " If the evidence satisfies you that defendant gave the first insult and struck Jowers, the prosecutor, the first blow, the defendant cannot be justified for defending himself against the blows from Jowers with his fist, by cutting Jowers, although you may believe at the time of the cutting there was inequality of strength or other circumstances of advantage in favor of Jowers and against defendant, unless the defendant had, in good faith, waived or endeavored to abandon the fight, or there was actual necessity to defend himself from serious injury ;" and also as follows : "If defendant and Jowers agreed to fight and did so, or went into the fight by mutual consent, defendant could not legally defend himself against blows from Jowers with his fist by cutting him, although there might have been, at the time of the cutting, circumstances producing relative inequality between them, unless, before the cutting, the defendant had, in good faith, waived or endeavored to abandon the fight, or was under absolute necessity to do so, to prevent serious injury." These charges were calculated to withdraw from the consideration of the jury any circumstances of justification which may have been shown, such as inequality in strength, age, weight or size, the exact position of the parties when the stabbing was done, and the character of the blows inflicted by the prosecutor.

2. Where the law fixes the punishment of an offense as a fine, not to exceed one thousand dollars, a fine within that limit is within the discretion of the judge, and is not the subject of review.

JACKSON, C. J., dissented.

November 17, 1885.

Criminal Law.   Stabbing.   Punishment.   Before Judge JNO. T. CLARKE.   Terrell Superior Court.   May Term, 1885

Reported in the decision.

W. D. KIDDOO, for plaintiff in error.

J. H. GUERRY, solicitor general, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted and found guilty

of the offense of stabbing. He moved the court for a new trial upon several grounds, but the following need only be mentioned and considered by this court: Because the court erred in instructing the jury as follows: "If the evidence satisfies you that defendant gave the first insult and struck Jowers, the prosecutor, the first blow, the defendant cannot be justified for defending himself against blows from Jowers with his fist by cutting Jowers, although you may believe at the time of the cutting there was inequality in strength or other circumstances of advantage in favor of Jowers and against defendant, unless the defendant had, in good faith, waived or endeavored to abandon the fight, or·there was actual necessity to defend himself from serious injury."

And because the court erred in giving the·following charge: "If defendant and Jowers agreed to fight and did so, or went into the fight by mutual consent, defendant could not legally defend himself against blows from Jowers with his fist by cutting him, although there might have been, at the time of the cutting, circumstances producing relative inequality between them, unless before the cutting, the defendant had, in good faith, waived or endeavored to abandon the fight, or was under absolute necessity to do so, to prevent serious injury."

Because the fine imposed by the court was excessive.

The court· refused the motion, and defendant· excepted!

1. The act of 1847, Cobb's Digest, 789, enacts that "Any person who shall be guilty of the act of stabbing·another, except in his own defence, with a sword, dirk or knife, or. other instrument of the like kind, shall," etc. This statute· was subsequently amended, so that now, as it appears in·the Code, it is enacted that "Any person who shall be guilty of the act of stabbing another, except in his own defence, or other circumstances of justification, with a sword,"* etc.,— the words "or other circumstances of justification" being

*Code, §4369.

added to the act of 1847. These words were added doubt-
less for the purpose of rendering the law less harsh and
severe than it was under the act of 1847, above referred to.

The instructions of the court to the jury excepted to
were well calculated to withdraw from their consideration
any circumstances of justification, which may have been
shown by the proofs submitted, such as inequality in
strength, age, weight or size, and the exact position of the
parties when the stabbing was done, and the character of
the blows inflicted by the prosecutor. In the first charge,
if the accused struck the first blow, or gave the first insult,
unless defendant waived or endeavored to abandon the
fight in good faith, or there was actual necessity to defend
himself from serious injury, he was guilty. And in the
second charge, the circumstances of justification are with-
drawn from the consideration of the jury;—if the accused
and prosecutor agreed to fight, and did so, or went into the
fight by mutual consent, then the accused could not legally
defend himself against blows from prosecutor with his fist,
by cutting him, although there might have been, at the
time of the cutting, circumstances producing relative in-
equality between them, unless, before the cutting, the de-
fendant had, in good faith, waived or endeavored to aban-
don the fight, or was under absolute necessity to do so, to
prevent serious injury.

These charges would have been error upon a trial under
an indictment for murder. Our Code provides that, to
reduce the crime of murder to manslaughter, it must
appear that the deceased was the assailant, or that the
accused had abandoned the conflict in good faith before
the mortal blow was given, or other equivalent circum-
stances. But in the present case, the court, by its charge
to the jury, withdrew from their consideration any circum-
stances which may have surrounded the accused at the
time of the cutting, which may have been equivalent to
his having abandoned the conflict in good faith. On a
trial for stabbing, the jury are to determine, in the first in-

stance, whether the same was done by the accused in his own defence, and also from all the facts and circumstances of the case, whether there were other circumstances of justification than that of self defence, and it is error for the court in its charge to restrict or circumscribe the jury in their rights and duty to judge and determine the circumstances which may or may not make the stabbing justifiable under the law.

2. When the law fixes a punishment by a fine, not to exceed one thousand dollars, for the commission of an offense in the discretion of the judge, in such a case, a fine within the limit prescribed is within the discretion of the judge, and is not the subject of review by this court.

Judgment reversed.

HALL, Justice, concurred, but furnished no written opinion.

JACKSON, Chief Justice, dissenting.

" Any person who shall be guilty of the act of stabbing another, except in his own defence, or other circumstances of justification, with a sword, dirk or knife, or other instrument of the like kind, shall, on conviction, be punished," etc.

The plaintiff in error was indicted and convicted of the offense of stabbing, under the act above copied from Code, section 4369, and the judgment of the presiding judge overruling his motion for a new trial, for alleged error in two charges to the jury, is reversed by this court by the concurring judgments of my brethren.

A sense of duty on a matter of vital interest to the people of the state, in the preservation of human life from the unlawful use of deadly, stabbing and cutting weapons, impels me to dissent from this judgment of this court.

The charges pronounced erroneous are as follows: " If the evidence satisfies you that defendant gave the first insult and struck Jowers, the prosecutor, the first blow, the defendant cannot be justified for defending himself

against the blows from Jowers with his fist, by cutting Jowers, although you may believe at the time of the cutting there was inequality of strength or other circumstances of advantage in favor of Jowers and against defendant, unless the defendant had, in good faith, waived or endeavored to abandon the fight, or there was actual necessity to defend himself from serious injury;" and also as follows: "If defendant and Jowers agreed to fight, and did so, or went into the fight by mutual consent, defendant could not legally defend himself against blows from Jowers with his fist, by cutting him, although there might have been, at the time of the cutting, circumstances producing relative inequality between them, unless, before the cutting, the defendant had, in good faith, waived or endeavored to abandon the fight, or was under absolute necessity to do so, to prevent serious injury."

1. The first charge is substantially that, if a man gave the first insult and struck the first blow, he will not be justified in cutting and stabbing the person thus insulted, and not only first insulted but struck first by him, though the person thus assailed by him was getting the better of the fist fight, unless this assailant had, in good faith, endeavored to abandon the fight, "or there was actual necessity to defend himself from serious injury,"

Surely this must be law. It is eminently just and full of good sense; and in a long experience I have found that justice and good common sense and law generally harmonize.

What! A man first insult another, then assault and strike him, and thus force him to defend himself, and the man thus assaulted, insulted and struck is discovered by his assailant to be too hard for him with nature's weapons,— can it be that the law will justify such an assailant in stabbing, unless the stabbing be necessary to keep the man he assailed from seriously hurting him! The proposition does not accord with the very simplest elements of right, according to my conception of right and wrong. It

Baldwin *vs.* The State of Georgia.

will not attune itse.f with any chord of justice that my ,brain can touch with a single one of its nervous strings. It cannot be the law; but the law must be that the assail- ant must try to decline the contest he began, or appre- hend serious injury, before he can be justif'ed in using the weapon of the assassin.

2. The other charge of the presiding judge, if possible, is still better law. It is that, where the two agree to fight a fair fist and skull fight, the plaintiff in error would not be justified in using his knife, though his opponent was getting the advantage of him by blows with the fist, and proving himself to be the better man with the fist—the weapon agreed upon—unless, in good faith, he waived, or endeavored to abandon, the fight before he used the deadly weapon, " or was under absolute necessity to do so, to pre- vent serious injury."

I cannot look this charge squarely in the face without being impelled to approve it, not only from the same sense of justice which required my approval of the other, but by every sentiment of honor and fair dealing.

The combatants are young men, nineteen and twenty, I believe; they agree to fight a fair fight without weapons; they are fighting according to the terms agreed upon; one is about to win the victory with his fist, and the other, without an effort honestly made to abandon the fight, or without the necessity of using his knife to prevent a seri- ous injury to himself by the former, abandons the fair fight he had agreed upon, and cuts and stabs the other with a weapon likely to produce death, and it is the law that he is justified; that is to say, that our law makes it just for him to act in that way! In my judgment the law does no such thing; and God forbid that it ever shall be so framed as to encourge such unfairness, and the disastrous conse- quences to youthful honor and integrity, and the disregard of life in the heat of passion, which would flow from the principle, if enacted into law.

3. I do not believe that my brethren can mean what

this reversal on these grounds will be construed to mean. It will be observed that they put in their judgment that the charges are erroneous on the idea that " they are calculated to withdraw from the consideration of the jury any circumstances of justification which may have been shown, such as inequality in strength, age, weight or size, the exact position of the parties when the stabbing was done, and the character of the blows inflicted by the prosecutor."

I am glad that the charges, then, may not be pronounced inherently erroneous by this court, but erroneous because calculated to withdraw other circumstances of justification from the jury. Let us see what is thereby withdrawn. It cannot be " inequality of strength;" because if that inequality existed to any considerable degree, serious injury might have been imminent, and both these charges cover such inequality as that; and surely slight, or not serious, inequality would hardly make it right to use the knife in either case put by the learned judge below. The same is true of inequality of " age," " weight " or " size." Each. of these, if greatly superior, so far as fair fist and skull fighting is concerned, would be only dangerous if the strength of one was so superior to the other as to threaten " serious injury." Nor is the consideration of " the exact position of the parties when the stabbing was done," excluded, because that must necessarily have been considered by the jury, when they deliberated on the danger of serious injury, which, if necessary to be prevented, the judge in these very charges had told them would justify the stabbing. And so of " the character of the blows inflicted by the prosecutor;" the jury could not touch the danger plaintiff in error was in of serious injury, without meeting right before their eyes the blows the prosecutor was inflicting at the time the knife was used.

So that I cannot see how any part of the fight or any act of either combatant, bearing upon the use of this knife, how used, when used, what was being done to him,

how heavy the blows, how great the strength of his antagonist, how little his own, what position each was in, or any other thing or circumstance bearing on the stabbing, was withheld by either of these charges from the jury.

4. It was precisely the right way to charge a jury, to apply the law to hypotheses arising from the facts. No other sort of charge is understood by a jury. Generalities and abstractions do not accomplish what a charge of law is meant to do, to reach the understanding of men ignorant of law. And this court has unanimously, again and again, commended such charges as this, and reprobated mere general principles of law.

5. It is well, in construing this section, 4369 of our Code, on stabbing, to consider the proviso thereto, which is in these words: "Provided, always, that if such stabbing shall produce death, the offender shall be guilty of murder or manslaughter, according to the facts and circumstances of the case; or if such stabbing shall not produce death, and the facts and circumstances show that it was the intention of the person stabbing to commit the crime of murder, then, and in such case, the offender shall be guilty of the offense of an assault with intent to murder."

This proviso shows that the law of murder, of manslaughter, and of assault with intent to murder, are all involved in cases of stabbing, under certain circumstances. And it may be deduced from the proviso that the general assembly meant by the entire section, that when, if the offender had killed, it would be murder, then, if he did not kill, the offense is assault with intent to murder; when, if he killed, the crime would be manslaughter, then, not killing, the offense is stabbing; and if, under the circumstances, he had killed, it would be justifiable homicide, then the stabbing would be justifiable, but not otherwise.

Would this plaintiff in error have been justified had the stabbing here produced death, unless he had endeavored to decline the combat, or had found it necessary to use the deadly weapon to prevent serious injury to himself, under

the circumstances of this case? Certainly not, I think. Then, in this view of the whole law of stabbing, in the whole section construed together, there is no error in either charge, and I dissent from the judgment which pronounces either erroneous.

I write this opinion with deference and respect towards both of my associates, impelled by my clear conviction of what the law is, and what terrible consequences would result from any other view of it.