### 164.   EDMONDSON *v.* THE STATE.

1. Where the trial judge undertakes to state to the jury the contentions of the defendant, he should do so accurately and not in a manner likely to disparage the defense as actually set up.
2. One charged with the offense of stabbing may successfully defend by showing either that the stabbing was done in self-defense, or that it was done under other circumstances of justification. A charge by the court to the jury which in effect limits the defendant's right of justification to the defense of his life or limb is therefore erroneous.

Accusation of stabbing, from city court of LaGrange—Judge Harwell.   November 17, 1906.

Submitted January 28,—Decided January 31, 1907.

*Hatton Lovejoy,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

POWELL, J.   Edmondson was convicted of the offense of stabbing. The contentions of the defendant, upon the trial, may be succinctly gathered from the following extract taken from the report of his statement: "Byrd [the prosecutor] then said he was damn tired of the lies I had been telling, and struck me over the head with a stick which he had, cutting my head and causing the blood to flow down upon me.   I was knocked to my knees by the blow, we clinched, and Byrd threw me on the ground, and was beating me with a stick, when I cut him.   I cut him in an attempt to make him stop beating me with the stick.   I quit cutting him as soon as he was pulled off from me.   I did not cut him again when he was pulled off from me and stopped beating me with his stick."   The prosecutor, in his testimony, conceded that he had hit the defendant with the stick, had knocked him down, and was upon him beating him at the time of the stabbing.   The only testimony as to the size of the stick came from one of the defendant's witnesses, that it was large enough to kill a man.   The trial judge, in stating the contentions of the defendant to the jury, used the following language:   "The defendant, on the other hand, claims

that, while he cut the prosecutor, Joe Byrd, it was done in self-. defense, or under circumstances of justification.   He claims, that the prosecutor, Joe Byrd, made an attack on him with a large stick; that his life was in danger; that they fell, the prosecutor on top; that the prosecutor, Joe Byrd, continued to strike him after they were down; that it was under these circumstances that he cut the prosecutor, after the assault was made on him by the prosecutor, Joe Byrd, with this stick; that he cut the prosecutor, Byrd, therefore, in self-defense, and only so long as the prosecutor was on him and striking him," etc.   Defendant excepted to this charge on the ground that it incorrectly stated the defense which was set up, and that it placed a greater burden upon the defendant than is required in cases of stabbing, because the defendant was entitled to repel the assault, if an assault was made without regard to whether his life was in danger.   Exception is also taken to the following charge by the court:   "Well, I charge you, that if defendant's contention as stated to you be the truth of the matter, that the prosecutor was the assailant, assaulted defendant with a large stick in a manner to endanger defendant's life or limb, and that defendant then cut prosecutor, Joe Byrd, in self-defense, and cut him only so far as was necessary to his self-defense, then, I charge, defendant would have a right to repel the assault, to cut the prosecutor under the circumstances, and the defendant would be guilty of nothing, and you should so find.   The defendant, however, even if he was assaulted by the prosecutor as he claims, and it was necessary for him to cut, to use his knife in order to repel the assault made by the prosecutor, would not be justified in becoming himself the assailant and assaulting the prosecutor when there was no longer any necessity to cut the prosecutor in order to repel the assault which was being made upon him."   This charge is assigned as erroneous because it does not state the proper measure of the circumstances under which the defendant is entitled to repel an assault upon him.

1. Where the presiding judge, in his charge to the jury, undertakes to state the contention of the defendant, it is incumbent upon him to state it correctly, and in such manner as to present the particular line of defense set up in such contention.   The actual contention as made by the defendant, and the statement of that contention as made by the court in the charge to the jury, both

·appear above.    From an inspection it will be seen that the able and impartial trial judge did not accurately present the contention of the accused.    This we hold to be error.    The case of *Stephens* v. *State*, 118 *Ga.* 762-3, is directly in point.    See also the cases of *Ragland* v. *State*, 111 *Ga.* 211; *Richards* v. *State*, 114 *Ga.* 834; *Garland* v. *State*, 124 *Ga.* 834.

2. Prior to the adoption of the code, the only justification for the crime of stabbing was self-defense.    Acts 1847, Cobb's Dig. 789.    Afterwards the words "or under other circumstances of justification," now appearing in the Penal Code, §112, were added. *Hodges* v. *State*, 15 *Ga.* 117; *Baldwin* v. *State*, 75 *Ga.* 482.    What circumstances of justification are sufficient is usually a matter for the jury.    In determining this question the jury would be authorized to consider the nature and the extent of the stabbing, and the character of instrument with which it was done, as well as the nature of the assault which was being made, or of the other circumstances which may be set up as the justification.    Of course the other justification must consist of something more substantial than opprobrious language.    This rule and the reasons therefor are stated in *Ward* v. *State*, 56 *Ga.* 409.    It was therefore erroneous for the court to give a charge to the jury limiting the justification of the accused to acts done in self-defense alone.    The words "self-defense," especially as used in the context quoted above in the excerpt from the charge, are apt words to convey the meaning that the assault defended against must be such as to endanger defendant's life or limb.    The defendant's justification need not go to this extent.    *Baldwin* v. *State*, supra.

*Judgment reversed.* ·