## 620.   BURRIS *v.* THE STATE.

1. While it is necessary, in order to sustain a verdict of guilty of assault with intent to murder, that the evidence should show such a case that if death had ensued from the assault the defendant would be guilty of murder, yet it is error for the court to instruct the jury that if the defendant made an assault with a weapon likely to produce death under such circumstances as would have made him guilty of murder had death ensued, he would be guilty of the offense of assault with intent to murder. *Smith* v. *State,* 52 *Ga.* 88; *Napper* v. *State,* 123 *Ga.* 571, 51 S. E. 592, and cit.; *Adams* v. *State,* 125 *Ga.* 11, 53 S. E. 804; *Shockley* v. *State,* 125 *Ga.* 778, 54 S. E. 692; *Duncan* v. *State,* 1 *Ga. App.* 118, 58 S. E. 248, and cit.

2. It is error to charge the jury, in a case where the defendant has cut the prosecutor with a knife, that the defendant would be guilty of the statutory offense of stabbing if the cutting was done under such circumstances as that it would have been voluntary manslaughter if death had ensued.

Indictment for assault with intent to murder, from Johnson superior court—Judge Rawlings. May 6, 1907.

Submitted July 18,—Decided July 25, 1907.

*E. L. Stephens,* for plaintiff in error.

*Alfred Herrington, solicitor-general, W. W. Larsen,* contra.

POWELL, J. 1. The first headnote requires no elaboration. An examination of the authorities cited will show not only the existence of the rule, but also the sound reasons upon which it is established.

2. While Chief Justice Jackson, in his dissenting opinion in

*Baldwin* v. *State,* 75 *Ga.* 489, expresses it as his view of the law, in cases of cutting with a knife, that when, if the offender had killed, it would have been manslaughter, the offense is stabbing, yet the majority opinion in that case, declaring that since the amendment to the stabbing act the circumstances of justification are for the jury in each case, has not been questioned by the Supreme Court in later rulings, and has been expressly followed by this court in *Edmondson* v. *State,* 1 *Ga. App.* 116, 57 S. E. 947. While such a cutting can not be assault with intent to murder, and can not be any offense higher than that of stabbing, it is not necessarily the latter offense. See *Napper* v. *State,* 123 *Ga.* 572, 51 S. E. 592. A knife is not necessarily a deadly weapon. *Paschal* v. *State,* 125 *Ga.* 279, 54 S. E. 172. The law infers no intention to kill from the fact of the cutting, unless death actually ensues. A distinction must be kept in mind between those cases in which the jury find that the purpose of the defendant was to take the life of the person assaulted and those in which this fact does not appear to their satisfaction. In cases where the defendant has cut with a knife, or other sharp instrument, if the cutting was done with the specific intention of killing the person cut, the offense is assault with intent to murder, if the cutting was done under such circumstances that if death had ensued the homicide would have been murder, and in that event only. Also where the cutting has been done by the defendant with the intention of killing the person cut, if the cutting was done under such circumstances that if death had resulted the homicide would have been voluntary manslaughter, the defendant would not be guilty of assault with intent to murder, but would be guilty of the statutory offense of stabbing. Although the cutting may have been done by the defendant with the intention of killing the prosecutor, yet if it was done under such circumstances that if death had resulted the homicide would have been justifiable by reason of being committed in self-defense or under circumstances of justification, the defendant would be guilty of no offense. These rules apply only in the event that the cutting was done with deadly intent, with the intent to kill; and this intent is a specific fact to be proved in each case, though it may be inferred by the jury from the facts and circumstances of the case. If the cutting by the defendant was not accompanied with any intention of killing the person cut, the defend-

ant is not guilty of any higher offense than that of stabbing, and his guilt or innocence of that offense is to be determined by the question whether the cutting was done in self-defense or under other circumstances of justification. Whether the stabbing is justifiable or not is to be determined by the jury in each case in light of the nature and extent of the cutting, the character of the weapon used, the provocation, if any, offered by the person cut, and all the other circumstances. While opprobrious language alone will not justify a stabbing (see *Ward* v. *State, 56 Ga.* 409), yet a slight cutting not intended to be deadly may be justified by an assault or other provocation offered by the person cut, too slight to justify a homicide or a deadly assault with a knife or similar weapon.                                   *Judgment reversed.*