## 723.  DAWSON *v.* THE STATE.

1. The evidence justified the conviction.

2. The charge of the court upon the impeachment of witnesses was substantially correct; especially so in view of the fact that the testimony of the witness alleged to have been successfully impeached was corroborated.

3. While it is improper for the judge to instruct the jury, without qualification, in a case of assault with intent to murder, that the offense would be complete if an assault were made which, if death had ensued, would have been murder; yet it is entirely correct for the court to charge, "Where a defendant is under the charge of an assault with intent to murder, in order to make out the charge of an assault with intent to murder, the proof made by the State must show that if the act had resulted in death the killing would have been murder. If it was not done under such circumstances that the killing would have been murder, the offense of assault with intent to murder would not be made out." *Duncan* v. *State,* 1 *Ga. App.* 118 (58 S. E. 248) ; *Burris* v. *State,* 2 *Ga. App.* 418, 58 S. E. 545.

Indictment for assault with intent to murder, from Early superior court. Judge Worrill. May 28, 1907.

Submitted October 9,—Decided October 14, 1907.

*Pottle & Glessner, Park & Collins,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley,* contra.

POWELL, J. We shall discuss only the matter referred to in the second headnote. There was an attempt to impeach one of the State's witnesses by proof of contradictory statements. There was other testimony corroborating him as to the facts concerning which he testified. The court instructed the jury: "One of the modes of impeaching a witness [is] by proof of contradictory statements previously made by him as to matters relevant to his testimony

rnd to the case.   When a witness is successfully contradicted as to
a material matter, his credit as to other matters is for the jury.
But if a witness swear wilfully falsely, his testimony ought to be
disregard entirely unless corroborated by circumstances or other
unimpeached evidence.   It is for the jury to determine the credit
to be given his testimony where impeached for general bad charac-
ter or for contradictory statements out of court.   You will under-
stand now, where an attempt is made to impeach a witness by proof
of contradictory statements made out of court (and that is one
of the modes of impeachment under the law), it is for the jury
to say whether or not that attempt has been successful.   If the
jury believe that the attempt has been successful, the jury ought
to disregard the testimony of the witness—if you believe that the
witness was impeached for contradictory statements made out of
court.   If the jury do not believe that the attempt has been suc-
cessful, why, then, the jury will not regard the evidence in the
case so far as it relates to the impeachment of the witness." This,
we hold, correctly stated the rule.   See *Powell v. State,* 101 *Ga.*
9 (29 S. E. 309, 65 Am. St. R. 277); *Smith v. State,* 109 *Ga.*
479 (35 S. E. 59).                          *Judgment affirmed.*