## 11588.  GIDDENS v. THE STATE.

BROYLES, C. J.  1. The excerpt from the charge of the court complained of in the special ground of the motion for a new trial, when considered in connection with the other portions of the charge set out in that ground, contains no reversible error.
2. The other grounds of the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, are treated as abandoned.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
>
> DECIDED JULY 28, 1920.

Indictment for assault with intent to murder; from Harris superior court — Judge Howard. May 3, 1920.

The ground of the motion for a new trial referred to in paragraph 1 of the decision is: "Because the court erred in charging the jury as follows: 'All essentials of murder, save killing, must exist before one may be convicted of the offense of assault with intent to murder; and, in considering the instructions of the court on the subject of assault with intent to murder, you should view the transaction as if death had ensued at the time.' The error in the foregoing charge consists in the failure to instruct the jury as to the difference between the rule where death results from an assault and where death does not result. . . The court should have instructed the jury substantially as follows: 'You would consider the testimony precisely as you would if death had resulted from the injury inflicted by the defendant, if any has been proven in this case. The only difference is that when death results, the intention to kill is presumed until the contrary appears; but when death does not result, the intention to kill is never presumed.' . . The jury had no instructions from the court that would leave the question of the intention of the defendant to be determined by them, except the charge as follows: 'You should bear in mind that to constitute the offense of assault with intent to murder, there must have been an assault by one person upon another. An assault

is defined in law as an attempt to commit a violent injury upon the person of another. Second, such assault must have been made with a weapon likely to produce death in the manner used; third, the assault must have been actuated by malice, either express or implied; and, fourth, made by the person making the assault with the specific intent to kill the person assaulted. The burden is on the State to show beyond a reasonable doubt that each and all of these essential elements existed at the time the defendant committed the offense charged (if he did commit it), before he could be convicted of the offense of assault with intent to murder; and also that the offense, if it was committed, was not justified or justifiable under the law, and not in self-defense.'"

*Hardy & Peavy,* for plaintiff in error, cited: 90 *Ga.* 691; 92 *Ga.* 463; 106 *Ga.* 368; 125 *Ga.* 11; 9 *Ga. App.* 291 (1); 10 *Ga. App.* 831; 12 *Ga. App.* 540; 1 *Ga. App.* 118; 2 *Ga. App.* 418; 7 *Ga. App.* 541 (6).

*C. F. McLaughlin,* solicitor-general, contra, cited: 7 *Ga. App.* 848; 125 *Ga.* 101.