## 11618. DUMAS *v.* THE STATE.

1, 2. While an instruction to the jury, in regard to the offense of assault with intent to murder, that they should "view the transaction as if death had ensued," is not harmful error if qualified by such instructions as immediately followed that instruction when it was first given in the charge of the court in this case, the repetition of such an instruction in a subsequent part of the charge, without proper qualification following it, was such an error as requires a new trial.

3. More full instructions to the jury than those given as to assault and battery were not necessary, without request.

DECIDED JULY 28, 1920.

Indictment for assault with intent to murder; from Harris superior court — Judge Howard. May 3, 1920.

*J. B. Burnside,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

BLOODWORTH, J. 1. Plaintiff in error alleges that the court erred in charging the jury as follows: "All essentials of murder, save killing, must exist before one may be convicted of the offense of assault with intent to murder; and in considering the instructions of the court on the subject of assault with intent to murder, you should view the transaction as if death had ensued at the time." Standing alone this charge would be erroneous, but under the ruling *Giddens* v. *State,* ante, 540 (103 S. E. 739), it was not harmful error, as it immediately preceded the following: "You should bear in mind that to constitute the offense of assault with intent to murder, there must have been an assault by one person upon another, as charged in the indictment. An assault is defined as an attempt to commit a violent injury upon the person of another. Second, such assault must have been made with a weapon likely to produce death in the manner used; third, the assault must have been actuated with malice, either expressed or implied; and, fourth, it must have been made by the person making the assault with the specific intent to kill the person assaulted.

The burden is on the State to show, beyond a reasonable doubt, that each and all of these essential elements existed at the time the defendant committed the offense charged (if he did commit it) before he could be convicted of the offense of assault with intent to murder, and that the offense, if it was committed, was not justified or justifiable under the laws, and not in self-defense."

2. Entirely disconnected from the foregoing instructions and further along in the charge, the judge charged as follows: "It is my duty, as applied to one of the defenses set forth in this case by the defendant, and in addition to his denial of each and all of the allegations as made in the indictment, to define for you what justifiable homicide is, keeping in mind that you should view this transaction, in order to understand and apply the law to the facts in the case, as if death had resulted at the time." This was not qualified thereafter in the charge. To tell the jury, without any qualification, that they "should view this transaction, in order to understand and apply the law to the facts in the case, as if death had resulted at the time," was error requiring the grant of a new trial.

3. The court having in general terms, and correctly, charged the jury on their right under certain circumstances to find the defendant guilty of assault and battery, if a fuller charge on this branch of the case was desired, a request for it should have been made as required by statute.

.          *Judgment reversed. Boyles, C. J., and Luke, J., concur.*