20485. LOONEY *et al. v.* THE STATE.

DECIDED MAY 14, 1930.

*Hamilton McWhorter, Tutt & Brown,* for plaintiff in error.

*A. S. Skelton, solicitor-general, W. W. Armistead,* contra.

LUKE, J. The indictment charged that the defendants Grady Looney and Theo Christian, "feloniously and with malice aforethought, with certain gasoline, matches, and fire, the same being instruments, substances, and materials used in a manner likely to produce death, and as used by the said Grady Looney and Theo Christian were weapons likely to produce death, in and upon one William Jewell . . did make an assault with the intent the said William Jewell to kill and murder, . . and with malice aforethought throw and pour said gasoline upon the person of the said William Jewell, and . . after having thrown and poured said gasoline upon the person of the said Jewell, ignite same with matches and fire, said gasoline having been thrown and poured on the clothing of the said Jewell, which he then and there wore, and did then and there burn and by said acts cause to be burned the person of the said William Jewell, and did thereby inflict upon the said William Jewell certain burns and wounds with the intent aforesaid." The trial resulted in a conviction, with a recommendation, and the defendants excepted to the overruling of their motion for a new trial.

Upon the trial William Jewell testified in part as follows: "They got the gasoline on me by pouring it on. Mr. Theo poured it on me. He poured it on the clothes of my left leg and on the right leg; he took a quart cup and poured it on me; and then Mr. Grady struck a match. Mr. Theo said, 'Let's catch this negro and pour some gas on him and see him run.' Mr. Grady said, 'If you will pour the gas on the son of a bitch, I will strike the match.'

And one caught me in the belt and the other caught me in the collar, and asked me did I have anything to tell my mother before they burned me. This (indicating) is where they burned me. . . I am burned on my legs and in my privates. I have been under treatment of a doctor ever since I was burned. My right arm was burned up to my elbow and swinged back to my hair. . . Mr. Grady had hold of me in the collar when the match was struck, and I run after the match was struck—I jerked loose from him." Dr. E. S. Deaver testified in part as follows: "I am a practicing physician. I know about the nature of gasoline; I know it is very explosive and very inflammable. It is highly inflammable. When matches are struck and ignited with gasoline it produces sudden combustion—an outbreak of flame. If gasoline were applied and matches ignited in sufficient quantities, death could be inflicted; that is to say, if you take a small quantity of gasoline and matches and put it on clothing, and the gasoline becomes ignited, it would be a substance by which death could be inflicted. . . The fumes of gas, or the gassy part of gasoline, will reach out. . . Gasoline will ignite some distance from the flame." Dr. Whitley testified in part as follows: "He [William Jewell] was burned from his —you might say below his hips along plumb down both limbs to his toes; his right leg was burned, and his left leg had a good healthy skin on it; on the right leg there was no skin at all. The right leg was burned down to the muscle. . . From my experience as a physician and my observation of the wounds and the burns I found on the person of William Jewell, it is my opinion that had it not been for the intervention of medical skill the burns would have resulted in death." The defendants introduced no witnesses, and did not deny pouring the gas on the boy, striking the match, igniting the boy's clothes, and burning him; but the substance of their defense, as shown by their statements, is that the igniting of the boy's clothes and the burning of the boy was contrary to their expectations and intentions.

■ The first special ground of the motion for a new trial complains of the following charge: "Assault and intent to murder, therefore, may be defined to be the deliberate intent unlawfully to kill a human being in the peace of the State by a person of sound memory and discretion with malice aforethought, either express or implied." The word "therefore," embodied in this excerpt, shows

that it is to be construed in the light of what has been said before; and when it is considered in connection with the instructions that preceded it and with the remainder of the charge, it shows no cause for a new trial. The court charged the jury that the offense of assault with intent to murder embraces all the elements of murder with the exception of the killing, and then charged fully on murder, malice, voluntary manslaughter, assault and battery, and assault. Immediately following the excerpt of which complaint is made the court instructed the jury, "Before you would be authorized to find the defendant guilty or the defendants in this case guilty of the offense of assault with intent to murder, the State should satisfy you beyond a reasonable doubt that all the elements that constitute murder are established, except the bare fact of the killing."

■ The court having fully charged the jury on the law applicable to the statements of the defendants, including the instruction that the jury could give these statements such credibility and weight as they saw proper and could believe them in preference to the sworn testimony in the case, it was not error for the court to instruct the jury that "In determining whether or not such intent existed in this case, you should consider all the direct evidence bearing upon that question as well as the circumstances proven upon the trial of the case, such as the nature of the weapon used or alleged to have been used, the manner in which the same was used, the nature of the wounds inflicted, if any, the brutality of the assault, if any was shown. All of these are to be considered in determining the question of the intention to kill." See *Jordan* v. *State,* 130 *Ga.* 406 (5) (60 S. E. 1063) ; *Tucker* v. *State,* 114 *Ga.* 61 (5) (39 S. E. 926).

■ There is no merit in the contention of plaintiffs in error that the court erred in failing to charge the jury on their defense. Their defense was contained in their statements, and the court charged fully on the right of the jury to believe the defendants' statements. Their defense was that the person alleged to have been assaulted was injured by accident or misadventure and there was no intention on the part of the defendants to injure him; and the court specifically charged the jury that "a person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design or intention or culpable neglect."

■

498

The evidence shows that the defendants poured gasoline on the boy's clothes and ignited it, and that gasoline and fire when so used constitute a weapon likely to produce death. "Every person is presumed to intend the natural and necessary consequence of his acts" (*Tift* v. *State,* 17 *Ga. App.* 663 (3), 88 S. E. 41), and "A reckless disregard of human life may be the equivalent of the specific intent to kill; and whether it existed in this case was a question for the jury." *Dennard* v. *State,* 14 *Ga. App.* 485 (81 S. E. 378).

■ The evidence amply authorized the finding of the jury, no reversible error of law is shown, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*