22097. MINGE *v.* THE STATE.

DECIDED APRIL 29, 1932.

*Wright & Covington,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Horace D. Shattuck,* contra.

LUKE, J. The indictment in this case charged Walter Minge with a felony, in that he did unlawfully, "while intentionally operating a certain automobile truck upon that certain public road and highway known as North Broad Street in the City of Rome, Floyd County, Georgia, at a speed of approximately thirty-five miles an hour and in a reckless manner, in that he was driving said truck on said street from side to side and turning the same to and fro on said street and driving as near to the telephone-posts as he could drive, and in utter disregard of the life and safety of Jessie Townsend and others then riding in said truck, the said machine so operated by the said accused being, when so used in such a way, a weapon and instrumentality likely to produce death, did unlawfully, feloniously, and with malice aforethought, operate and drive said machine, with great force and violence, upon and against a certain telephone-post on the side of said street and throwing the said Jessie Townsend against said telephone-post and catching the left limb of the said Jessie Townsend between said post and the bed of said truck on which the said Jessie Townsend was seated, thereby tearing her said limb and mangling the same in such a way that the same had to be amputated." It is assumed by counsel for both sides that the offense sought to be charged is assault with intent to murder. The defendant demurred generally and specially to the indictment, and the court overruled the demurrer; to which ruling the defendant excepted.

The controlling issue is whether the indictment is fatally defective because of failure to allege intent to kill; or whether the allegation that the defendant operated the truck with malice aforethought

is equivalent to an allegation of specific intent to kill. Counsel for the State, in their brief, say, in substance, that in cases of this character no specific intent to kill can ever be shown, and hence it should not be alleged strictly in such language; and yet the State should not be precluded from prosecuting, for assault with intent to murder, one who drives an automobile or truck with utter disregard of and disastrous effect to the lives of others.

In an indictment for assault with intent to murder, an allegation that the act was committed "with malice aforethought" is not the equivalent of an allegation of "intent to kill." "Where death takes place from unlawful violence, malice includes an intention to kill. Code § 4321. But where death does not take place, there may be malice in giving the wound, but utter absence of intention to kill. . . That an effect not produced, and which if produced would have constituted a different offense from that actually committed, was intended, is surely for determination by the jury as a matter of fact." *Patterson* v. *State,* 85 *Ga.* 133 (11 S. E. 620, 21 Am. St. R. 152). "In order for the law itself to imply or infer an intention to kill there must be a killing. *But the jury may, from the facts of the particular case, infer such intention though there be no killing."* (Italics ours.) *Gallery* v. *State,* 92 *Ga.* 464 (17 S. E. 863). And in *Gilbert* v. *State,* 90 *Ga.* 692, 693 (16 S. E. 652), Chief Justice Bleckley says: "The existence of such intent is matter *of fact* to be ascertained by the *jury* from all the evidence before them, and not matter for legal inference or presumption. . . There may be malice without an intent to kill. . . The *jury,* as matter of reasoning from all the circumstances, may infer as a fact, that the consequences fell short of his intention, that the whole of his intention was not realized in the effect, that a part of it miscarried or was disappointed." (Italics ours.) Under the foregoing authorities it is apparent that in an indictment for assault with intent to murder, the intent to kill cannot be implied or inferred by the State, but must be specifically alleged; and the jury may or may not infer such intention from the facts proved.

It is well established that an indictment must charge every essential element of an offense; and "an intent to kill is a necessary element to constitute the offense of an assault with intent to murder." *Lanier* v. *State,* 106 *Ga.* 370 (32 S. E. 335). However, an intent to kill may be established by proving, to the satisfaction of the

jury, a reckless disregard of human life. In *Dennard* v. *State,* 14 *Ga. App.* 485 (81 S. E. 378), and *Looney* v. *State,* 41 *Ga. App.* 495 (153 S. E. 372), this court held that "a reckless disregard of human life may be the equivalent of a specific intent to kill; and whether it existed in this case was a question for the jury." In both these cases the offense charged was assault with intent to murder. In *Gallery* v. *State,* supra, our Supreme Court said: "There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to kill, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance."

The intent to kill being an essential ingredient of the offense of assault with intent to murder, and the indictment having failed to allege such intent, it was fatally defective, and the court erred in overruling the demurrer thereto.

*Judgment reversed. Broyles, C. J., and Jenkins, P. J., concur.*