## 23318. POWELL v. THE STATE.

DECIDED AUGUST 2, 1933.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

BROYLES, C. J. The defendant was convicted of the offense of assault with intent to murder, and excepts to the overruling of his motion for a new trial.

1. Special ground 1 of the motion for a new trial complains of the following charge: "The court instructs you that one can not, by his conduct or actions, create an emergency or apparent emergency which would make a reasonable man honestly believe that he was about to be assaulted, and that it was necessary to defend himself, and thus take advantage of the situation thus created by himself and make an assault upon the person thus defending himself. I charge you that if you believe the defendant in this case, by his own conduct, created an emergency or apparent emergency, such as would make the prosecutor, as a reasonable man, believe he was about to be unlawfully assaulted, and that under such conditions the prosecutor undertook to defend himself, and that then the defendant unlawfully cut and stabbed the prosecutor in this case, I charge you if you find that to be true, he would not be justifiable in what he did." The evidence shows that Jones (the prosecutor) was at a garage; that Powell (the defendant), who was at a restaurant across the street, walked over to Jones and said that he wanted to speak to him; that Jones replied that he had nothing to say to him; that Powell then "called me [the prosecutor] a God damned yellow son of a bitch, and I was walking away from him, and he throwed his arm around my neck and started to cut me. . . He came up there to kill me." The testimony of the prosecutor and several other witnesses, which was not in conflict with the testimony of any other witness, showed that Powell made an unprovoked and felonious assault upon Jones by cutting him severely with a knife. Powell, in his statement to the jury (which, however, was not sup-

ported by the testimony of any witness), said that he did not cut Jones until after Jones had struck him with "some object" in the left eye and "grabbed me in the privates," and "I went in my pocket and got my knife and cut him loose from me." The evidence clearly showed that Powell created an emergency which made it necessary for Jones to defend himself, and authorized the charge of the court here complained of. Since there was no evidence showing that the resentment of Jones was disproportionate to the provocation given him by Powell, or that it was greater in degree than the law would have recognized under the circumstances, it was not error for the court to fail to charge that "even though the defendant did provoke the difficulty, he might still defend himself against violence upon the part of the prosecutor if the resentment of the prosecutor was disproportionate to the seriousness of the provocation or was greater in degree than the law would have recognized under the circumstances." The charge was not error for any other reason assigned.

2. There is no merit in special ground 2 of the motion, which alleges that the court in its charge expressed an opinion that the weapon alleged to be used by the defendant "was in its nature a weapon likely to produce death."

3. The court did not "restrict the jury upon the question of justification in that it [the charge] made the question of reasonable fear upon the part of the defendant dependent upon an actual assault having been made or attempted to be made upon him," as alleged in special ground 3 of the motion, complaining of an excerpt from the charge. On the contrary, the court specifically instructed the jury that "even though the prosecutor may not have actually made an assault or attempted to make an assault upon the defendant, yet if the defendant, acting under the fears of a self-possessed and reasonably courageous man, believed that such an assault was about to be made upon him, he would be justifiable in what he did." There is no merit in this ground of the motion when the excerpt from the charge complained of is considered in connection with its context.

4. The charge of the court sufficiently instructed the jury upon the offense of stabbing. It charged them that if they had a reasonable doubt of the defendant's guilt of the offense of assault with intent to murder, they should look further and determine whether

or not the defendant was guilty of the lesser offense of stabbing, and explained that stabbing was a misdemeanor, and gave them the form of the verdict in the event they should find the defendant guilty of stabbing. In the absence of an appropriate request, the failure of the court "to define the offense of stabbing" was not error. In view of this ruling there is no merit in special grounds 4, 5, 6, and 7 of the motion.

5. The evidence amply authorized, if it did not demand, the verdict returned; no reversible error of law appears; and the court did not err in refusing to grant a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*