23702. LINDSEY *v.* THE STATE.

Decided July 11, 1934.

*Deal & Renfroe, D. C. Jones,* for plaintiff in error.
*W. G. Neville, solicitor-general,* contra.

MacIntyre, J. The indictment in this case charges Van Lindsey with committing the offense of assault with intent to murder by cutting, stabbing, and seriously wounding Frank Howard with "a certain knife, the same being a weapon likely to produce death." The question for determination is whether or not the court erred in overruling the motion for a new trial, containing the usual general grounds and two special grounds.

The fight out of which the prosecution arose occurred at a negro frolic. Both the defendant and Howard were cut severely, and there can be no doubt that the evidence supports the verdict of assault with intent to murder. We hold that the court did not err in overruling the general grounds of the motion for a new trial.

In the first special ground error is alleged in the following charge of the court: "If the defendant assaulted the person alleged to have been assaulted and intended to kill him, and under such circumstances if he had killed him as intended, the offense would have been manslaughter, then the defendant would be guilty of the offense of stabbing." It is averred that this charge was erroneous for the following reasons: (a) "Because it is an incorrect statement of the law applicable to the case." (b) "Because the defendant would not necessarily be guilty of stabbing, if the offense would have been manslaughter if death had ensued." (c) "Because this charge of the court tended to confuse and mislead the jury."

To sustain their contention that the foregoing charge of the court is erroneous, counsel for plaintiff in error rely upon the ruling in the case of *Burris* v. *State*, 2 *Ga. App.* 418 (2) (58 S. E. 545), which reads as follows: "It is error to charge the jury, in a case where the defendant has cut the prosecutor with a knife, that the defendant would be guilty of the statutory offense of stabbing if the cutting was done under such circumstances as that it would have been voluntary manslaughter if death had ensued." It will be observed that the charge referred to in that case does not mention any "intention of killing," while the charge in the instant case is grounded upon such intention. That this difference in the two charges is very material appears from the following statement in the *Burris* case: "Also where the cutting has been done by the defendant *with the intention of killing the person cut,* if the cutting was done under such circumstances that if death had resulted the homicide would have been voluntary manslaughter, the defendant

would not be guilty of assault with intent to murder, but would be guilty of the statutory offense of stabbing." (Italics ours.) In his general charge the judge instructed the jury upon the law of voluntary manslaughter, self-defense and stabbing, and also charged them that "although you may believe that the defendant cut the person alleged to have been cut with the specific intent and purpose to kill him, yet, if you believe that it was done under such circumstances that had death resulted the homicide would have been justifiable, by reason of being committed in self-defense or under circumstances of justification, the defendant would be guilty of no offense at all, and it would be your duty to so find." The charge of the court appears to have been full and fair as a whole, and the charge complained of is based upon the body of the decision in the *Burris* case rather than upon the second headnote thereof. We hold that special ground 1 discloses no reversible error.

Special ground 2 presents the same questions dealt with in passing upon special ground 1, and likewise discloses no reversible error.

Judgment affirmed. *Broyles, C. J., and Guerry, J., concur.*