## 25110.  WOODARD *v.* THE STATE.

DECIDED NOVEMBER 1, 1935.

*Hubert F. Rawls,* for plaintiff in error.
*John S. Gibson, solicitor-general,* contra.

MacIntyre, J. Wilbur Woodard was convicted of assault with intent to murder, with a recommendation that he be punished as for a misdemeanor, which recommendation the judge followed, and gave defendant the alternative of paying $100 including the cost, or serving 10 months at the State farm. His motion for new trial was overruled, and he excepted.

1. The evidence for the State was in effect as follows: Several persons, including Rudolph Morgan (the person alleged to have been shot), were in an oak ridge cutting wood, when the defendant Wilbur Woodard came up with a single-barrel shotgun, saying he was rabbit-hunting. Glenwood Dowling who was present, said, "Yonder comes Willard." The defendant's name is Wilbur, but he has a brother whose name is Willard. When Dowling made this remark the defendant drew the gun on him and asked him to take it back, saying at the time, "You don't believe I have a shell in it, do you?" Then he took the shell out and showed it. Later the defendant asked Rudolph Morgan if he had a firecracker. Morgan replied that he had not. The defendant then said he would "make the fire fly from my" (a vulgar and unprintable word), and shot Rudolph Morgan. "Before the shooting everybody was in a good humor, laughing and talking, and we hadn't fell out with each other the whole morning. The firecracker—he thought Rudolph had a firecracker. He told him he would make fire fly with the gun. After he was shot he just stood there, and my brother Hugh went to him, and they put him in a wheelbarrow and this boy [the defendant] rolled the wheelbarrow and helped take him to the house." The defendant asserted that the shooting was accidental. The jury having found the defendant guilty and the judge having approved their finding, we do not feel authorized to grant a new trial on the ground that the evidence does not support the verdict.

2. In his motion for new trial the defendant contends that the court erred in the following charge to the jury: "An assault with intent to murder, gentlemen, is an assault with an instrument that, in the manner it is used at the time, is a weapon that is likely to kill, and under circumstances that if death had resulted from such assault it would have been murder," for the reason that malice is never presumed in assault with intent to murder. The case of *Emanuel* v. *State*, 43 *Ga. App.* 339 (158 S. E. 761) is relied on.

Immediately following the quoted portion of the charge and in the same paragraph are the words, "and an assault with an intention also on the part of the assailant at the time of the assault to kill and murder the person assaulted." The charge then continued with the following words: "The intent to kill, gentlemen, is a necessary ingredient of the offense of assault with intent to murder. The presence or the absence of the intent to kill is a question solely for the jury to determine from the facts and circumstances as they appear from the evidence and the defendant's statement. If the instrument, in the manner in which it was used, was a weapon likely to produce death, then the law from the use of such weapon in such manner would imply malice. It would not imply the intent to kill. The intent to kill, as the court has charged you, is a question for you to determine from all the evidence and facts and circumstances as developed by the evidence, and the statement of the defendant, on the trial of the case. Now, gentlemen, if you believe beyond a reasonable doubt that this defendant, in the County of Brantley and State of Georgia, at any time within four years prior to the date of the finding and return of this bill of indictment into court, did assault the person named in the bill of indictment, in the manner charged, with an instrument that in the manner it was used at the time was an instrument likely to kill; that it was an assault without justification, excuse, or mitigation; that it was done with the intent and purpose on the part of the defendant at the time of the assault to unlawfully kill and murder the person assaulted, and that if death had resulted from such assault it would have been murder; if you believe all that beyond a reasonable doubt, then and in that event you would be authorized to find the defendant guilty of an assault with intent to murder, as charged in the bill of indictment." The part of the charge complained of, taken alone, may seem objectionable, but when taken in connection with the entire charge the excerpt is not subject to the criticism made. It may not be amiss to say that the court defined the crime of murder, giving all of its ingredients, and also fully charged the law of shooting at another, and of justification. *Caudle* v. *State,* 7 *Ga. App.* 848 (68 S. E. 343); *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901); *Dawson* v. *State,* 2 *Ga. App.* 637 (58 S. E. 1065).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*