27497. TILLER *v.* THE STATE.

MACINTYRE, J. 1. In the trial of one for assault with intent to murder, where the indictment charged and the proof showed that the defendant cut the prosecutor with a knife, a charge to the jury to the effect that if they believed that, had death resulted from the assault made, the defendant would have been guilty of voluntary manslaughter, they would be authorized to convict the defendant of stabbing, was not erroneous, when considered with the charge of the court given in that immediate connection, as follows: "I charge you that voluntary manslaughter is the *intentional* killing of a human being by the *intentional* use of an instrument, that in the manner that it is used, at the time, is likely to kill, but a killing under circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice either express or implied." (Italics ours.) The definition of voluntary manslaughter in the Code does not use the words "intentional killing." The restrictive definition of voluntary manslaughter, as given in the charge, as the "intentional killing" grounds the charge in this case on such intention, and conveys the idea that "where the cutting has been done by the defendant with the intention of killing the person cut, if the cutting was done under such circumstances that if death had resulted the homicide would have been voluntary manslaughter, the defendant would not be guilty of assault with intent to murder, but would be guilty of the statutory offense of stabbing." *Burris* v. *State,* 2 *Ga. App.* 418 (58 S. E. 545); *Lindsey* v. *State,* 49 *Ga. App.* 330 (175 S. E. 406.

2. In the absence of an appropriate request, the failure of the trial judge to define the offense of stabbing as contained in the Code, § 26-1701,

was not, in view of other portions of his charge, erroneous. *Powell* v. *State*, 47 *Ga. App.* 299 (170 S. E. 401).

3. The charge to the jury in the language of the Code, § 26-1409, in reference to opprobrious words used by the prosecutor as a defense to a charge of assault, or assault and battery, even though it be conceded that it was not applicable to the facts of the case, as, contended by counsel for the defendant, could not have worked such harm to the defendant as to require the grant of a new trial.

4. The charge to the jury fully covered the issues made by the evidence. The evidence supports the verdict, and no error of law appearing the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JULY 14, 1939.

*Hugh E. Combs*, for plaintiff in error.
*J. Cecil Davis, solicitor-general*, contra.