29708. KIRKLAND *v.* THE STATE.

DECIDED OCTOBER 9, 1942.

*J. Bush Mims, J. A. Drake,* for plaintiff in error.

*Hubert Calhoun, solicitor-general, T. Hicks Fort,* contra.

GARDNER, J. The defendant was convicted of assault with intent to murder. His motion for new trial was overruled and he excepted.

1. The evidence, although conflicting, was sufficient to sustain the verdict.

2. Special ground 1 assigns error because the court failed to charge the jury as follows, without request to do so: "Should you find that had the prosecutor, Vanatti, died from the assault that it would have been voluntary manslaughter upon the part of the defendant, then and in that event the defendant would not be guilty of assault with intent to murder, but he would be guilty of stabbing, should you find that he would be guilty of any offense." The judge charged fully the law of assault with intent to murder, voluntary manslaughter, self-defense, and stabbing. Judge John D. Humphries, in his helpful and learned treatise on Instructions to Juries, page 42, in a note states: "It is not necessary to instruct the jury specifically with reference to the law of murder and voluntary manslaughter; but it is necessary that the essentials of an assault with intent to murder should be included in the instructions given. It is necessary, also, that the law applicable to the contentions of the defendant, and the lesser grades of the offense charged, as shooting at another, stabbing, assault and battery, should be given. See *Caudle* v. *State,* 7 *Ga. App.* 848 (68 S. E. 343); *Shelton* v. *State,* 11 *Ga. App.* 148 (74 S. E. 846); *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901); *Troup* v. *State,* 26 *Ga. App.* 627 (107 S. E. 75). See also *Merritt* v. *State,* 19 *Ga. App.* 616 (91 S. E. 885); *Giddens* v. *State,* 25 *Ga. App.* 540 (103 S. E. 739); *Looney* v. *State,* 41 *Ga. App.* 495 (153 S. E. 372); *Emanuel* v. *State,* 43 *Ga. App.* 339 (158 S. E. 761); *Woodard* v. *State,* 52 *Ga. App.* 70 (182 S. E. 198)." We think this states the rule very clearly.

Counsel for the plaintiff in error cites, from *Jenkins* v. *State,* 3 *Ga. App.* 146 (59 S. E. 435): "If death had resulted and the offense would have been manslaughter, death not resulting, the offense would have been shooting at another not in self-defense, or assault and battery." A careful reading of the last division of the opinion in the *Jenkins* case will show that the construction which counsel places on this excerpt can not be maintained. The court said "The 15th ground in the motion for new trial complains of the following charge: 'If you believe that it would have been voluntary manslaughter instead of murder, why then the defendant could not be convicted of an assault with intent to

murder, but you would inquire whether or not it would have been an assault and battery, or shooting at another not in his own defense. Then you will inquire, if it would have been voluntary manslaughter, whether you will find him guilty of shooting at another, or an assault with intent to murder.' The error in the latter part of this charge is so palpable that it suggests an ellipsis; but we must decide from the record, and it is manifest that it was erroneous to leave it optional with the jury to find the defendant guilty of assault with intent to murder, or of shooting at another not in self-defense, although they might have concluded that the offense would have been manslaughter if death had resulted. In this event, the only legal verdict would have been shooting at another, as defined in the Penal Code, § 113, or assault and battery." The *Jenkins* case holds that the failure to charge as contended for by plaintiff in error is not reversible error. In the instant case the court very clearly charged the law of murder, and in connection therewith stated that the burden was on the State to prove, in a case of assault with intent to murder, every element of murder except the death of the person attacked, and further charged the law of voluntary manslaughter under a heat of passion, and in connection therewith particularly called to the attention of the jury the fact that if the defendant was actuated by passion he could not be found guilty of assault with intent to murder. Thereafter the court charged the Code section defining stabbing. In the absence of a written request, it was not error to charge more fully. Indeed it was held by this court in *Burris* v. *State,* 2 *Ga. App.* 418 (2) (58 S. E. 545) : "It is error to charge the jury, in a case where the defendant has cut the prosecutor with a knife, that the defendant would be guilty of the statutory offense of stabbing if the cutting was done under such circumstances as that it would have been voluntary manslaughter if death had ensued." We can discern no difference between what counsel is contending the court should have charged without a request and the quotation from the *Burris* case which this court held would constitute reversible error if the court had charged it without a request.

3. Ground 9 assigns error on the charge as a whole, on the ground that it was "confusing and misleading and calculated to influence the jury to convict the defendant." The charge was

not erroneous for any of the reasons given. The other grounds of the motion are untenable.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*