## 35351. Gatliff v. The State.

Carlisle, J. The defendant was tried, convicted, and sentenced to serve a term of from eight to ten years in the penitentiary, under an indictment charging him with assault with intent to murder Ovid Benefield, Jr. His motion for a new trial, based on the usual general grounds and five special grounds (numbered four through eight), was denied, and he has brought the present writ of error to have that judgment reviewed.

1. Counsel for the defendant did not generally insist upon or argue the general grounds of the motion for a new trial, either orally or in his brief filed in this court, and those grounds will be treated as abandoned. *Thurmond* v. *Billingsley,* 88 *Ga. App.* 21 (75 S. E. 2d 827).

2. In his instructions to the jury the trial judge defined the offense charged in the indictment as follows: "An assault with intent to murder is an unlawful, deliberate, and malicious assault with a weapon or instrumentality that, as used, is likely to kill, and with the intent and purpose on the part of the assailant at the time to kill the person assaulted," and defined the lesser offense of shooting at another as follows: "Any person who shall be guilty of the offense of shooting at another, except in his own defense, or under circumstances of justification, according to the principles of the Code of Georgia, with a gun, pistol, or other instrument of the like kind shall be punished by confinement in the penitentiary for not less than one or more than four years." The court also instructed the jury under what circumstances the defendant could be held to be justified in making the assault with intent to murder and in shooting at another. The charge was correct, full, and fair, on those subjects; and, in the absence of a timely written request so to do, there was no error requiring the grant of a new trial for the failure to instruct the jury specifically with reference to the law of murder and voluntary manslaughter. *Kirkland* v. *State,* 68 *Ga. App.* 124, 125 (22 S. E. 2d 330), and citations. Consequently, special ground 1 (numbered 4), complaining of the failure to charge the law of murder, and special ground 2 (numbered 5), complaining of the failure to charge the law of voluntary manslaughter, are without merit.

3. The court's instruction that, before the jury would be authorized to reduce the offense charged from assault with intent to murder to that of shooting at another, the jury would have to believe that the shooting was not done *"maliciously and with intent to kill,"* did not have the effect of placing a greater burden on the defendant than is placed on him by law, as is alleged in special ground 3 (numbered 6) of the motion for a new trial. "Malice, in its application to the law of homicide, means the intent to take life without legal justification, excuse, or mitigation." *Killian* v. *State,* 19 *Ga. App.* 750 (1) (92 S. E. 227). Code §§ 26-1002, 26-1003. "Neither malice nor deliberation is essential to the unlawfulness of shooting at another." *Studstill* v. *State,* 105 *Ga.* 832 (31 S. E. 542). The trial court instructed the jury fully and fairly on the offense of assault with intent to murder, as is shown by division 2 of this opinion, and on the offense of shooting at another. To shoot at another maliciously is to do so with intent to kill; and, while the court's instruction complained of in this ground may be tautological, it placed no greater burden upon the defendant than that placed upon the defendant by law.

4. In special ground 4 (numbered 7), error is assigned on the trial court's failure to define, without a timely written request so to do, express and implied malice. In view of its definition of the offense of assault with intent to murder, the trial court did not err in its failure to specifically define express and implied malice. *Killian* v. *State,* supra.

5. In its instructions to the jury the trial court charged: "Now the defendant has made a statement in his own behalf. Our law provides that in all criminal trials in this State the defendant shall have the right to make to the court and jury such statement in the case as he may deem proper in his own defense; it shall not be under oath and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case." This charge is in substantially the same language as that contained in Code § 38-415, and the failure to add, that the jury "could believe the defendant's statement in whole or in part, or disbelieve it in whole or in part" was not erroneous. *Wilder* v. *State,* 148 *Ga.* 270 (96 S. E. 325); *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919); *Coggeshall* v. *State,* 161 *Ga.* 259 (131 S. E. 57). Special ground 5 (numbered 8) is without merit.

The trial court did not err in denying the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 27, 1954—REHEARING DENIED OCTOBER 22, 1954.

*E. F. Taylor,* for plaintiff in error.
*Wm. M. West, Solicitor-General,* contra.